J. S48026/16

2016 PA Super 281

COMMONWEALTH OF PENNSYLVANIA      :      IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
            v.                    :
                                  :
JACK J. JAROSZ, JR.               :
            Appellant             :
                                  :      No. 1769 WDA 2015

Appeal from the PCRA Order September 17, 2015
In the Court of Common Pleas of Bedford County
Criminal Division No(s): CP-05-CR-0000316-2008

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

OPINION BY DUBOW, J.:                         **FILED DECEMBER 13, 2016**

Appellant, Jack J. Jarosz, Jr., appeals from the Order entered in the

Bedford County Court of Common Pleas denying his first Petition filed

pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.

After careful review, we affirm.

On direct appeal, this Court summarized the pertinent facts as follows:

The case arose out of a motor vehicle crash on July 3, 2008. The
evidence produced at trial demonstrated that [Appellant] left his
lane of travel on State Route 31, and collided with a vehicle in
the westbound lane of State Route 31. The collision occurred in
Harrison Township of Bedford County. After the collision,
[Appellant] fled the scene without offering aid or assistance, or
identifying himself. The driver of the other vehicle received fatal
injuries, and expired at the hospital on July 15, 2008. On the
date in question, [Appellant] did not possess a valid driver's
license and his privileges had been suspended DUI related since
2005. [Appellant] has not had a valid license since 1992.

**Commonwealth v. Jarosz**, No. 372 WDA 2012, unpublished memorandum at 2-3 (Pa. Super. filed February 22, 2013) (quoting Trial Court Opinion, 2/6/12, at 2).

Appellant initially pled guilty to certain charges in this case, but later successfully challenged his guilty plea and proceeded to trial. On June 17, 2011, a jury found Appellant guilty of the following offenses: Homicide by Vehicle; Accidents Involving Death/Personal Injury Not Properly Licensed (AIDPI-NL); Accidents Involving Death; Failure to Stop and Render Aid/Give Information; Abandoning Vehicle on Highway; Disregarding Traffic Lane; Careless Driving; and Driving Under a Suspended License-DUI Related (DWS-DUI).[1] The trial court sentenced Appellant to an aggregate sentence of 4 to 15 years of incarceration. On February 22, 2013, this Court affirmed Appellant's Judgment of Sentence. He did not seek review with our Supreme Court.

On February 24, 2014, Appellant filed a timely *pro se* PCRA Petition. The PCRA court appointed counsel, who filed an amended PCRA Petition on May 9, 2014, a supplement to the amended PCRA on June 27, 2014, and a second supplement on September 18, 2014. Appellant also filed Motions for appointment of a medical expert and the appointment of an expert crash reconstructionist, which the PCRA court denied following a hearing. On June

---

[1] 75 Pa.C.S. § 3732; 75 Pa.C.S. § 3742.1(b)(2); 75 Pa.C.S. § 3742(a); 75 Pa.C.S. § 3744(a); 75 Pa.C.S. § 3712(a); 75 Pa.C.S. § 3309(1); 75 Pa.C.S. § 3714(c); and 75 Pa.C.S. § 1543(b), respectively.

18, 2015, the PCRA court held an evidentiary hearing on Appellant's PCRA Petition. The PCRA court denied Appellant's Petition on September 17, 2015.

Appellant timely appealed, and Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following six issues for our review:

1. Whether the PCRA Court erred/abused its discretion by failing find [] trial/appellate counsel ineffective for not presenting and arguing merger of sentences for the Homicide by Vehicle and Accidents Involving Death[/]Personal Injury—Not Properly Licensed charges?

2. Whether the PCRA Court erred/abused its discretion by failing to find [] trial/appellate counsel ineffective for not presenting and arguing merger of sentences for the Accidents Involving Death/Personal Injury—Not Properly Licensed and the Driving Under Suspension charges?

3. Whether the PCRA Court erred/abused its discretion by failing to find trial/appellate counsel ineffective for not arguing and investigating the issue that Mr. Jarosz [was] wrongly charged under 75 Pa.C.S. § 1543(b)(1), as the evidence showed [that] Mr. Jarosz was under a 75 Pa.C.S. § 1543(a) suspension?

4. Given evidence of Mr. Jarosz's brain injury would have been beneficial to the defense in rebutting the Commonwealth's evidence that he purposefully fled the scene, and would also have rebutted evidence that he voluntarily abandoned his vehicle/failed to render aid/give information to police, did the PCRA Court err/abuse its discretion by failing to find trial/appellate counsel ineffective for not presenting evidence of a brain injury?

5. Whether the PCRA Court erred/abused its discretion by failing to address claim 6(b)(viii) of the Amended PCRA Petition, in which Mr. Jarosz argues his trial/appellate counsel was ineffective for failing to argue/preserve the issue that Mr. Jarosz's sentence violated the terms of a plea bargain in another case, resulting in an unlawful extension of his sentence?

6. Whether the PCRA Court erred/abused its discretion by failing to grant Mr. Jarosz's requests for the appointment of a medical expert and the appointment of a crash reconstructionist, as expert testimony was necessary to show the ineffectiveness of Mr. Jarosz's prior counsel?

Appellant's Brief at 2-4.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

## Ineffective Assistance of Counsel Claims

Appellant's first five issues contend that trial and appellate counsel provided ineffective assistance to Appellant. In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. **Commonwealth v. Williams**, 732 A.2d 1167, 1177 (Pa. 1999). In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). "[Where] the underlying claim lacks arguable merit, counsel cannot

be deemed ineffective for failing to raise it." ***Commonwealth v. Koehler***, 36 A.3d 121, 140 (Pa. 2012). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009). With this standard in mind, we address Appellant's first five issues.

*Merger of Offenses*

Underlying Appellant's first two ineffective assistance of counsel claims, Appellant contends that his offenses merged for purposes of sentencing.

The legislature has provided the following statutory guidance for merger:

> **§ 9765. Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

> When considering whether two offenses should merge:
>
> [W]e compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. If both crimes require proof of at least one element that the other does not, then the sentences do not merge.

*Commonwealth v. Nero*, 58 A.3d 802, 807 (Pa. Super. 2012) (quotations and citations omitted). "A plain language interpretation of [42 Pa.C.S.A. § 9765] reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 837 (Pa. 2009)

Appellant first contends that trial counsel was ineffective for failing to argue that his Homicide by Vehicle conviction merged with AIDPI-NL. Although the issue presents itself in an ineffective assistance of counsel claim, this Court has not yet addressed the underlying merger issue. Therefore, this is a case of first impression.

The legislature has defined the crimes at issue as follows:

**§ 3732. Homicide by vehicle**

**(a) Offense.**--Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

. . .

**§ 3742.1. Accidents involving death or personal injury while not properly licensed**

(a) Offense defined.--A person whose operating privilege was disqualified, canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license and

applicable endorsements for the type and class of vehicle being operated commits an offense under this section if the person was the driver of any vehicle and caused an accident resulting in injury or death of any person.

75 Pa.C.S.A. §§ 3732(a) and 3742.1, respectively. Additionally, case law has imposed a scienter requirement of negligence as to AIDPI-NL. **See Commonwealth v. Hurst**, 889 A.2d 624, 628-29 (Pa. Super. 2005). Thus, the elements of Homicide by Vehicle are: 1) recklessness or gross negligence; 2) causing death; and 3) while violating the vehicular code; and 4) the violation is the cause of death. The elements of AIDPI-NL are: 1) negligence; 2) causing death or personal injury; and 3) while unlicensed.

Contrary to Appellant's contention, AIDPI-NL is not a lesser included offense of Homicide by Vehicle. Although both Homicide by Vehicle and AIDPI-NL require a violation of the vehicular code, Homicide by Vehicle specifically requires that the violation of the vehicle code be the cause of death. The vehicle code violation in AIDPL-NL is driving without a license. Since driving without a license was not the cause of death in this case, AIDPL-NL does not merge into Homicide by Vehicle for sentencing purposes.[2]

Appellant next contends that his convictions for AIDPI-NL and DWS-DUI, merged. This Court has already considered and rejected the merger of these two offenses, concluding that:

---

[2] In the instant case, Appellant's Careless Driving and Disregarding Traffic Lane violations were the proximate cause of the victim's death.

[Appellant's] conviction for AIDPI while not properly licensed required the Commonwealth to demonstrate that [Appellant] caused an accident that resulted in the injury or death of a person, and that his operating privilege was either disqualified, canceled, recalled, revoked or suspended (and not restored), or that [Appellant] did not hold a valid driver's license. [Appellant's] conviction for DWS–DUI related required the Commonwealth to demonstrate that [Appellant's] operating privilege was suspended or revoked as a condition of acceptance of ARD (for driving under influence, or for a similar offense that occurred outside of the Commonwealth), or for a refusal to submit to chemical testing. A review of the plain language of these statutes demonstrates that DWS–DUI related clearly imposes an additional requirement that a license suspension be related to DUI or ARD. Such an element is not contemplated by the AIDPI statute.

*Commonwealth v. Raven*, 97 A.3d 1244, 1251 (Pa. Super. 2014) (citation omitted).

Because neither of Appellant's merger claims have merit, the trial court properly concluded that trial counsel cannot be found ineffective for failing to raise them. *Koehler, supra* at 140.

*Challenge to the Suspension Offense Subsection*

In his third ineffectiveness challenge, Appellant argues that he was improperly charged with DWS-DUI because his DUI suspension had expired a few months earlier, and trial counsel was ineffective for failing to raise this issue at trial. *See* Appellant's Brief at 17-21. We disagree.

The offense of DWS-DUI is defined, in relevant part, as:

(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of

alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

. . .

(2) This subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). **This provision shall also apply until the person has had the operating privilege restored.**

75 Pa.C.S. § 1543(b) (emphasis added).

In the instant case, Appellant began serving a two-year DUI suspension on March 12, 2006. N.T., 6/18/15 at 17. The DUI suspension expired on March 12, 2008, and on that same date a new two-year suspension for Driving under Suspension began.[3] *Id.* at 18. Appellant hit and killed a fellow motorist on July 3, 2008. At no point between the termination of his DUI suspension and the accident had Appellant had his operating privileges restored. Therefore, pursuant to 75 Pa.C.S. § 1543(b)(2), the Commonwealth properly charged Appellant with, and the

---

[3] Appellant, a habitual offender who has not held a valid driver's license since 1992, received a citation for driving on a suspended license while he was serving the DWS-DUI suspension. N.T., 6/18/15 at 18.

jury properly convicted him of, DWS-DUI. Accordingly, Appellant's underlying issue has no merit and trial counsel could not be found ineffective for failing to raise a meritless issue.

*Evidence of Brain Injury at Trial*

In his fourth issue, Appellant argues that trial counsel was ineffective for failing to obtain medical records from Conemaugh Hospital which would have shown that he had suffered a concussion in the accident, and that because of his concussed state, he lacked the *mens rea* to commit the offenses of Failure to Stop and Render Aid/Give Information and Abandoning Vehicle on Highway. Appellant's Brief at 21-24.

At trial, Appellant's counsel effectively elicited testimony regarding Appellant's head injuries, and the concussion diagnosis he had received at the hospital. N.T., 6/17/11 at 15, 110-12; N.T., 6/17/11 at 8, 33, 36-40, 47, 93-94. The Commonwealth never disputed Appellant's concussion diagnosis. N.T., 6/18/15, at 54.

While there may be arguable merit to the contention that counsel should have obtained the medical report memorializing the concussion diagnosis, Appellant has failed to demonstrate how one more piece of evidence confirming a fact that no one disputed would have impacted the outcome in this case. Unable to meet his burden of showing prejudice, Appellant is not entitled to relief on this claim.

*Plea Agreement Violation*

In his final allegation of ineffective assistance of counsel, Appellant avers that his sentence violated a prior plea agreement and that trial counsel was ineffective for failing to raise this fact. Appellant's Brief at 24-27.

Plea agreements have become commonplace in our legal system, and, when properly administered, can be essential and valuable components in the administration of justice. ***Commonwealth v. White***, 787 A.2d 1088, 1091 (Pa. Super. 2001). To safeguard this essential process, we impose a duty on the Commonwealth to honor all promises made, and we demand "strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury." ***Commonwealth v. Fuehan***, 557 A.2d 1093, 1094 (Pa. Super. 1989). "Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." ***Commonwealth v. Parsons***, 969 A.2d 1259, 1268 (Pa. Super. 2009).

Where, as here, "a defendant withdraws or successfully challenges his plea, the bargain is abrogated[.]" ***Commonwealth v. Ward***, 425 A.2d 401, 406 (Pa. 1981). When a defendant abrogates a plea agreement, he resumes

his preagreement status, and the government may proceed . . . as if the agreement had never existed." ***Id.***

> If the defendant were permitted to accept a bargain and then revoke his part while leaving the prosecution bound, the entire purpose of plea bargaining would be defeated. Every defendant would find it in his interest to plead and then challenge his plea after sentencing. Every plea would thus require subsequent litigation, and if successfully revoked, would be followed by the very trial and consumption of judicial resources which the bargain supposedly had precluded. As a result, the criminal justice system would become more clogged with litigation than if there were no plea bargaining.

***Id.*** at 405.

Thus, where, as here, "a defendant withdraws or successfully challenges his plea . . . he must be prepared to accept all of the consequences which the plea originally sought to avoid." ***Id.*** at 406.

In the instant case, trial counsel represented Appellant in two unrelated cases: this case, and an aggravated assault case not at issue in this appeal. N.T., PCRA Hearing, 6/18/15, at 30. Initially, Appellant pled guilty in both cases, and as a term of the negotiated plea agreement in the assault case, the sentences in both cases were set to run concurrent to one another. ***Id***. at 30-31.

Appellant subsequently challenged and withdrew his guilty plea in the instant case, forcing the Commonwealth to proceed to trial in this case and denying the Commonwealth the benefit of the bargain reached. Appellant's own actions abrogated the bargain and, thus, at sentencing he was no longer entitled to receive the benefit of the bargain, *i.e.*, to recommend to

the court that it impose a sentence concurrent to the sentence for aggravated assault. **Ward**, 425 A.2d at 406.

Therefore, because Appellant's underlying claim, based on a prior abrogated plea agreement, is without merit, trial counsel and appellate counsel were not ineffective for failing to raise it. **Koehler, supra** at 140.

### Appellant's Request for Experts at PCRA Hearing

In his final issue, Appellant asserts that the PCRA court abused its discretion in failing to grant his request for the appointment of a medical expert and an expert in crash reconstruction.

If an expert's testimony is necessary to establish that an appellant is entitled to relief in his PCRA Petition, the PCRA court may appoint an expert. **See Commonwealth v. Albrecht**, 720 A.2d 693, 707 (Pa. 1998) (generally discussing the appointment of an expert in PCRA proceedings when after-discovered evidence has been raised). The decision on whether to appoint an expert witness is within the sound discretion of the PCRA court. **Commonwealth v. Reid**, 99 A.3d 470, 505 (Pa. 2014).

> The provision of public funds to hire experts to assist in the defense against criminal charges is a decision vested in the sound discretion of the court and a denial thereof will not be reversed absent an abuse of that discretion. At the trial stage, an accused is entitled to the assistance of experts necessary to prepare a defense. This court has never decided that such an appointment is required in a PCRA proceeding. We must review the PCRA court's exercise of its discretion in the context of the request[.]

**Id.** at 505 (citation and quotation omitted).

- 13 -

A PCRA Petitioner is not entitled to the appointment of an expert where the expert's testimony would be "merely cumulative of that already presented by trial counsel." *Id.* Nor is an expert necessary where the evidence produced at trial clearly negates the theory an appellant wishes that expert to adduce. *Albrecht*, 720 A.2d at 708-09. Finally, this Court will not grant relief where an appellant "has not established by factual analysis or argument that the trial court's denial of funds [to hire an expert witness] prejudiced him." *Id.* at 707.

*Medical Expert Testimony*

Appellant avers that expert medical testimony was necessary at the PCRA proceeding to prove that trial counsel was ineffective for failing to call a medical expert at trial.

Although Appellant alleges that he has no memory of the aftermath of the accident and has "no clue" why he left the scene, he is nonetheless confident that he wandered away from the scene in a confused daze without the intent to leave the scene. Appellant's Brief at 34-35. However, as the PCRA court noted, "[t]he record is bare of evidence [that Appellant] 'wandered' away[;] the testimony of the witnesses . . . was that he ran away with little difficulty and a party of Pennsylvania State Police could not locate him." Memorandum Opinion, dated 4/14/15, at 12. In fact, a witness who testified at trial clearly described Appellant acting "very nervous" and—upon

hearing approaching sirens—saying "I got to go," and running from the scene up a steep incline. *Id.* at 5-6 (quoting N.T., 6/16/11, at 24-25).

Despite this evidence, Appellant argues, in bare and conclusory terms, that:

Had expert testimony regarding [Appellant's] head injury and its effects been submitted to the jury, there is a reasonable probability [that] the outcome of the trial would have been different. Therefore, in order to show [trial counsel's] ineffectiveness, expert medical testimony would have been necessary, and the [PCRA] court erred by not granting [Appellant's] petition to appoint a medical expert.

Appellant's Brief at 35.

As discussed, *supra*, Appellant has failed to demonstrate the manner in which additional evidence regarding Appellant's injury would have had any impact on the outcome at trial, particularly in light of the uncontested evidence of a concussion diagnosis that trial counsel did present to the jury. Indeed, it seems this is precisely the type of cumulative evidence this Court previously rejected in *Reid, supra* at 505.

Moreover, the only witness who claims to remember Appellant's actions after the crash clearly testified that Appellant intentionally fled upon hearing sirens, negating the theory Appellant now wishes to raise that he wandered off in a daze.

Thus, "review[ing] the PCRA court's exercise of its discretion in the context of the request[,]" we conclude that the PCRA court did not abuse its

discretion when it denied Appellant's request for a medical expert. ***Reid***, ***supra*** at 505.

*Expert Crash Reconstructionist*

Finally, Appellant summarily argues that the PCRA court erred in not appointing an expert crash investigator because "an independent review of the evidence will reveal he was not criminally liable for the car crash." Appellant's Brief at 33. Appellant is seeking to embark on a fishing expedition in the hopes that a new expert might reach a different conclusion. His Brief lists a single alleged error in the trial testimony of the Commonwealth's expert—an error that Appellant concedes counsel attacked at trial. Appellant's Brief at 33-34; N.T., 6/17/11, at 89-90. His argument— devoid of any factual analysis or developed argument that he was prejudiced—must fail.

Having determined that Appellant is not entitled to relief on any of his claims, we affirm the PCRA court's September 17, 2015 Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016