J-S28006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRANCE ROSS | |
| Appellant | No. 885 WDA 2016 |

Appeal from the PCRA Order May 18, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015085-2013
CP-02-CR-0015091-2013

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 18, 2017**

Appellant, Terrence Ross, appeals from the order entered on May 18, 2016, denying relief on a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  In 2013, police filed two criminal complaints against Appellant charging him with various offenses related to multiple knifepoint robberies on Carson Street in Pittsburgh, Pennsylvania.  On December 15, 2014, Appellant pled guilty to a total of five counts of robbery, two counts of aggravated assault, two counts of simple assault, and one count each of criminal mischief and access device fraud.[1]  As part of the plea deal, the

---

[1]  18 Pa.C.S.A. 3701(a)(1), 2702, 2701, 3304, and 4106, respectively.

* Retired Senior Judge assigned to the Superior Court.

Commonwealth and Appellant agreed to an aggregate term of 20 to 40 years of incarceration, which the trial court accepted and imposed. No direct appeal resulted.

On March 31, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. The PCRA court granted several extensions of time for appointed counsel to file an amended PCRA petition, which counsel filed on February 12, 2016. The Commonwealth filed an answer to the PCRA petition after it was granted an extension to do so. On March 22, 2016, the PCRA court entered an order pursuant to Pa.R.Crim.P. 907, giving Appellant notice of its intent to dismiss the amended PCRA petition without an evidentiary hearing. On May 18, 2016, the PCRA court dismissed Appellant's PCRA petition. This timely appeal resulted.[2]

On appeal, Appellant presents the following issues for our review:

> I. Was plea counsel ineffective for failing to correct a defective guilty plea colloquy in which the trial court did not explain any elements of the crimes to which [Appellant] pleaded?
>
> II. Was plea counsel ineffective by failing to object to a defective plea colloquy when the plea colloquy failed to explain the nature of the charges, by failing to

---

[2] Appellant filed a notice of appeal on June 17, 2016. The PCRA court entered an order on June 20, 2016, directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on July 11, 2016. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on November 30, 2016.

withdraw the consequent unknowing and involuntary plea, and failing to preserve this issue for appeal?

III. When the accused enters a guilty plea without understanding the nature of the charges to which he is pleading, is the plea entered involuntarily, in violation of the due process clause of the Pennsylvania and federal constitution?

Appellant's Brief at 4 (complete capitalization omitted).

Appellant's issues are interrelated, so we will examine them together. Appellant claims that the trial court failed to explain the elements of the various charges in comprehensive terms. *Id.* at 11. Appellant concedes that the trial court inquired as to whether trial counsel explained the nature of the charges and the elements of the crimes to him, to which Appellant replied "yes" and then he agreed to waive the factual summary of the crimes at issue. *Id.* at 15. However, he contends "it is clear that the [trial c]ourt failed to explain **any** of the elements of the offenses in understandable terms." *Id.* (emphasis in original). Appellant further maintains that although he signed a written colloquy, the written colloquy only asked whether he had discussed the elements of the crime with his attorney, but "does not indicate what [Appellant was] told by counsel or what [Appellant] believe[d] he [was] pleading guilty [to]." *Id.* at 13. Accordingly, Appellant argues that, "plea counsel rendered ineffective assistance by failing to object to the defective plea colloquy and by failing to file a [m]otion to [w]ithdraw [g]uilty [p]lea." *Id.* at 18. Appellant maintains that because of these

actions by trial counsel, his plea was not voluntary, knowing, or intelligent and, therefore, not constitutionally valid. *Id.* at 19-20.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

In analyzing claims of ineffective assistance of counsel,

> we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. Where the underlying claim lacks arguable merit, counsel cannot be deemed ineffective for failing to raise it. Appellant bears the burden of proving each of these elements, and [her] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Jarosz*, 152 A.3d at 350 (internal quotations, citations, and original brackets omitted). "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused [a manifest injustice through the entry of] an involuntary or unknowing plea." *Commonwealth v. Orlando*, 2017 WL 772767, at *5 (Pa. Super. 2017) (citation omitted).

We have previously determined:

- 4 -

A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.

\* \* \*

Our Supreme Court has repeatedly stressed that **where the totality of the circumstances establishes that a defendant was aware of the nature of the charges, the plea court's failure to delineate the elements of the crimes at the oral colloquy, standing alone, will not invalidate an otherwise knowing and voluntary guilty plea**. Whether notice of the nature of the charges has been adequately imparted may be determined from the totality of the circumstances attendant upon the plea.

\* \* \*

Further supporting these precepts is the following comment to Pa.R.Crim.P. 590:

It is advisable that the judge conduct the examination of the defendant. However, paragraph (A) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge. In addition, nothing in the rule would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be supplemented by some on-the-record oral examination. Its use would not, of course, change any other requirements of law, including these rules, regarding the prerequisites of a valid guilty plea or plea of *nolo contendere.*

To summarize, whether a defendant is aware of the nature of the offenses depends on the totality of the circumstances, and a plea will not be invalidated premised solely on the plea court's failure to outline the elements of the crimes at the oral colloquy.

- 5 -

*Commonwealth v. Morrison*, 878 A.2d 102, 107–109 (Pa. Super. 2005) (internal citations, quotations, and brackets omitted; emphasis added).

Here, upon review of the totality of the circumstances as set forth in the certified record, we discern no abuse of discretion in denying Appellant relief on his PCRA petition. Appellant concedes that he executed a written colloquy wherein he admitted that trial counsel advised him of the elements of, and the factual nature of, each of the crimes at issue prior to entering a guilty plea. During the subsequent oral colloquy, Appellant confirmed that trial counsel explained all of the questions on the written guilty plea with him, including an explanation of the elements of each offense. N.T., 12/15/2014, at 5-7. Appellant is bound by the affirmations he made under oath at the guilty plea hearing. *See Commonwealth v. Willis*, 68 A.3d 997, 1009 (Pa. Super. 2013) ("Appellant is bound by these statements, which he made in open court while under oath, and he may not now assert grounds for withdrawing the plea which contradict the statements."). Moreover, the certified record contains the criminal informations filed against Appellant by the Commonwealth. Each information sets forth the various offenses charged with all of the criminal elements defined. Appellant does not dispute that he received this information prior to entering his plea. If Appellant did not understand the elements of the offenses to which he was pleading, he had an opportunity to make inquiry at the plea hearing, but did not. Now, however, he simply cannot assert that he did not know the

elements of the crimes as a reason to withdraw his plea. Thus, there is no merit to Appellant's claim that trial counsel provided ineffective assistance in representing Appellant at his plea hearing. Because Appellant's claim that he did not enter a voluntary or knowing plea hinges solely on counsel's performance, which we deem effective, we conclude that Appellant is not entitled to relief on his claim that his guilty plea was unlawfully induced.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/18/2017