J-S28007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARCUS UPSHAW | |
| Appellant | No. 888 WDA 2016 |

Appeal from the Order June 17, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001280-2009

BEFORE:  OLSON, MOULTON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 23, 2017**

Appellant, Marcus Upshaw, appeals from the order entered on June 17, 2016, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We set forth the facts and procedural history of this case as follows. In February 2011, a jury convicted Appellant of second-degree murder, robbery, burglary, criminal conspiracy, and two counts each of unlawful restraint and recklessly endangering another person.  The trial court imposed a mandatory sentence of life imprisonment for second-degree murder, plus consecutive sentences of nine to 18 months' imprisonment on each count of unlawful restraint.  The trial court did not impose further penalties for the remaining convictions.

_____
* Retired Senior Judge assigned to the Superior Court.

On October 3, 2011, after receiving *nunc pro tunc* reinstatement of his appellate rights, Appellant filed a timely appeal to this Court. On October 21, 2011, Appellant petitioned this Court for remand to allow the trial court to conduct an evidentiary hearing based on after-discovered evidence. The after-discovered evidence consisted of letters prepared by Appellant's co-conspirator, Darryl Reese, that declared, similar to affidavits Reese disavowed at trial, that police officials coerced his testimony that Appellant participated in the instant offense. Relying on the newly-produced letters, Appellant alleged that Reese recanted his trial testimony that Appellant was involved in the conspiracy. We granted relief, dismissed the appeal, and remanded for a hearing on the after-discovered evidence. The trial court held a hearing and ultimately denied Appellant relief.

Appellant filed a direct appeal, challenging both the sufficiency of the evidence to support his convictions and the trial court's denial of relief on his after-discovered evidence claim. This Court affirmed both decisions in an unpublished memorandum decision filed on March 28, 2014. **See Commonwealth v. Upshaw**, 2014 WL 10965838 (Pa. Super. 2014) (unpublished memorandum). Within the context of the direct appeal, Appellant challenged the sufficiency of the evidence to support his convictions, arguing that: (1) Reese's testimony should not be credited since Reese obtained a reduction of charges and sentence in exchange for his testimony and, (2) Reese signed affidavits in prison stating that he had been forced by police to identify Appellant as one of the perpetrators, even

- 2 -

though Appellant was not involved in the episodes. *Id.* at 9. We determined, however, that "[t]he jury was apprised of the cooperation agreement and the documents that Reese executed while he was in jail[,]" but that "Reese explained that he wrote the affidavits that were exculpatory to Appellant under duress since he feared that he or his family would be harmed by Appellant or his friends." *Id.* Regarding the after-discovered evidence claim, Appellant presented "two letters executed by Reese after trial in this matter [wherein] Reese, once again, claimed that Appellant was not a participant in the criminal episode and that police coercion led to his trial testimony to the contrary." *Id.* at 10-11. However, we determined that "when called to the stand [at the after-discovered evidence hearing], Reese disavowed the letters and indicated that they, like the previous affidavits [presented at trial], had been executed under duress [from Appellant and/or his friends]" and "that his trial testimony identifying Appellant as one of the culprits was true." *Id.* We ultimately determined that the proffered after-discovered evidence of Reese's purported recantation letters "were cumulative in nature to other proof already presented to the jury" because "[b]efore trial, Reese had provided identical statements exonerating Appellant and, then, upon appearance in the courtroom, retracted those representations as procured under duress." *Id.* at 12. Accordingly, we affirmed Appellant's judgment of sentence.

On August 13, 2014, Appellant filed the counseled PCRA petition currently at issue averring, in pertinent part:

3. As [the PCRA court] is well aware, [Appellant] twice sough[t] a remand from the Superior Court of Pennsylvania due to letters from Commonwealth witness Darryl Reese in which Mr. Reese claimed to have provided false testimony at trial in this matter. Specifically, Mr. Reese's letters stated that he did not see [Appellant] at the scene of the shooting and only identified him because he saw him at a gas station a short time later.

4. Mr. Reese was appointed counsel and testified that he was coerced into authoring the letter and that his trial testimony was accurate.

5. On approximately July 26, 2014, within counsel received the attached letter from Mr. Reese again claiming that he testified falsely at trial and requesting the opportunity to set the record straight. Said letter is attached hereto and made a part hereof.

6. Mr. Reese's letter, if true, directly contradicts both his trial testimony and his evidentiary hearing testimony of April, 2013.

7. Mr. Reese has demonstrated himself to be willing to lie, whether it[']s to lie under oath at [c]ourt proceedings or to lie in letters to counsel. Regardless, it is imperative [to] schedule an evidentiary hearing to explore Mr. Reese's claims that he lied under oath at trial and at the April evidentiary hearing.

PCRA Petition, 8/13/2014, at ¶¶ 3-7.

On December 2, 2014, upon Appellant's motion, the PCRA court appointed counsel to represent Reese. On May 13, 2016, counsel for Reese filed a verification with the PCRA court which stated as follows:

1. Undersigned counsel has spoken with Darryl Reese multiple times between this year and last year via telephone.

- 4 -

2. Counsel has tried to get Mr. Reese to sign a [v]erification form.

3. Mr. Reese has waived his attorney-privilege so that counsel can speak on his behalf.

4. Mr. Reese fully agreed that he is being pressured to recant his statement by [Appellant] and [Appellant's] family.

5. Mr. Reese has clearly told counsel that his trial testimony and prior [after-discovered evidence hearing] testimony was accurate.

6. Mr. Reese does not want to come to Pittsburgh because of fear of retaliation.

Verification, 5/13/2016, at ¶¶ 1-6.

On May 18, 2016, the trial court entered notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a timely response. By order entered on June 17, 2016, the PCRA court dismissed Appellant's PCRA petition. This timely appeal resulted.[1]

On appeal, Appellant presents the following issue for our review:

Did the [PCRA] court err when it dismissed Appellant's [PCRA] petition alleging a claim of "after-discovered evidence" without an evidentiary hearing where Appellant's claim was not "patently frivolous" and, if proven, would entitle Appellant to relief?

Appellant's Brief at 4.

_____

[1] Appellant filed a notice of appeal on June 20, 2016. On June 22, 2016, the PCRA court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on August 2, 2016. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 2, 2016.

Appellant claims that Reese's most recent letter constitutes exculpatory after-discovered evidence entitling him to a new trial. Appellant claims he could not ascertain it earlier through due diligence, it was not cumulative evidence or being used solely as impeachment, and "if true, would certainly compel a different verdict as Mr. Reese was the only witness to place Appellant at the [crime] scene." *Id.* at 13. Appellant avers he "is obviously constrained to concede that Mr. Reese's recantation was addressed in the March, 2012, evidentiary hearing where Mr. Reese recanted his recantation on the record" and "[t]his issue was then litigated before [this] Court[.]" *Id.* at 14. "Appellant, however, asserts that this [] Court must nonetheless review Appellant's claim to prevent a 'miscarriage of justice.'" *Id.*

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

A claim that has been previously litigated is not cognizable for collateral relief. 42 Pa.C.S.A. § 9544(a)(2). The PCRA defines a matter as having been previously litigated when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *Id.* "[T]he fact that a petitioner presents a new

argument or advances a new theory in support of a previously litigated issue will not circumvent the previous litigation bar." ***Commonwealth v. Roane***, 142 A.3d 79, 94 (Pa. Super. 2016) (citations omitted).

Here, the PCRA court recognized that we addressed Appellant's present claim in his prior appeal. ***See*** PCRA Court Opinion, 12/2/2016, at 4. We previously determined on direct appeal:

> In this case, the [after-discovered] evidence in question consisted of two letters executed by Reese after trial in this matter. In those documents, Reese, once again, claimed that Appellant was not a participant in the criminal episode and that police coercion led to his trial testimony to the contrary. Likewise again, when called to the stand, Reese disavowed the letters and indicated that they, like the previous affidavits, had been executed under duress. Reese represented at the evidentiary hearing that his trial testimony identifying Appellant as one of the culprits was true.
>
> The trial court concluded that the letters were cumulative to the evidence presented at trial in that they were identical to the affidavits signed by Reese and produced at trial. The trial court also observed that Reese's testimony at the evidentiary hearing tracked his trial testimony. It found that the letters, as well as the affidavits produced at trial, were written under duress. Finally, the trial court made the following observation[:]
>
> > [The trial court] notes the ongoing and significant efforts taken by the Commonwealth and the Department of Corrections, at Reese's request, to insure his safety while he serves his five to ten year sentence of incarceration. [The trial court] also notes that Appellant's original trial counsel withdrew on the basis that Appellant had sent correspondence to at least two people asking them to get witnesses to recant statements and indicating that his attorney had advised him to send those letters, a claim

counsel strenuously denied. The eight letters written by Appellant and his mother after trial to Reese further corroborate the ongoing pressure to recant being placed on Reese by Appellant. Reese has consistently expressed concern about the consequences of being a 'snitch,' including references in the subject letters, and also about both direct and indirect threats made against him as a result of his testimony. Reese's fears for his safety are valid and ongoing and his testimony, both at trial and at the Post–Sentence Motion hearing, was credible.

Trial Court Opinion, 6/29/2012, at 9–10.

It is evident that the trial court did not abuse its discretion or commit an error of law. We concur that the letters were cumulative in nature to other proof already presented to the jury. Before trial, Reese had provided identical statements exonerating Appellant and then, upon appearance in the courtroom, retracted those representations as procured under duress. Hence, Appellant is not entitled to a new trial based upon after-discovered evidence.

*Upshaw*, 2014 WL 10965838 at *6.

Here, we discern no abuse of discretion or error of law in denying Appellant's PCRA petition. Reese has thrice attempted to recant his identification of Appellant as a co-conspirator, each time subsequently disavowing those recantations. Despite the fact that Reese offered a "new" letter of recantation, Appellant does not argue that Reese's most recent recantation somehow differed from his prior retractions. In fact, upon review, Reese's most recent affidavit contains the same substance as his previous after-discovered claim. Moreover, counsel for Reese submitted a verification that Reese would disavow the statements made in the most recent affidavit and that his trial testimony was accurate. Appellant does not

assail this affirmation. We have already determined that Appellant was not entitled to relief on the same purported after-discovered evidence. ***See id.*** Hence, we conclude Appellant has previously litigated his current claim under Section 9544(a)(2). Accordingly, the PCRA court properly determined Appellant was not entitled to relief when it dismissed Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/2017