J-A21030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LARRY STURGIS | : | |
| | : | |
| Appellant | : | No. 3133 EDA 2019 |

Appeal from the Order Entered September 26, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0903671-1986

BEFORE:  LAZARUS, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:             **FILED OCTOBER 19, 2020**

Appellant, Larry Sturgis, appeals from the Order entered on September 26, 2019, denying and dismissing his seventh Petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. We affirm.

On October 8, 1987, the trial court sentenced Appellant to life imprisonment after convicting him at a nonjury trial of First-Degree Murder and Possession of an Instrument of Crime.[1] On May 4, 1988, this Court affirmed Appellant's Judgment of Sentence. ***Commonwealth v. Sturgis***, 545 A.2d 389 (Pa. Super. 1988) (unpublished memorandum). Appellant did not seek further review and, thus, his Judgment of Sentence became final on June 3, 1988.[2]

---

[1] 18 Pa.C.S. §§ 2502(a) and 907(a), respectively.

[2] ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(3).

On March 8, 2016, Appellant *pro se* filed the instant PCRA Petition, his seventh. On November 7, 2016, Appellant *pro se* filed another PCRA Petition, which the court treated as a supplement to his March 2016 Petition. Appellant argued that his sentence is illegal because the trial court allegedly failed to complete a signed sentencing Order. **See** PCRA Petition, 11/7/16.

On September 26, 2019, the PCRA court denied Appellant's Petition as untimely, after issuing proper notice under Pa.R.Crim.P. 907. Trial Ct. Or., 9/26/19. The court found that Appellant failed to satisfy the PCRA's 60-day time limitation, and, therefore, it lacked jurisdiction to decide the merits of Appellant's issues. Trial Ct. Op., 10/21/19, at 1-2.

Appellant *pro se* timely filed a Notice of Appeal and presents the following issues for our review:

> 1. Whether the PCRA court erred in dismissing Appellant's PCRA Petition as untimely.
>
> 2. Whether the PCRA court erred by failing to hold an evidentiary hearing, where the lack of a signed sentencing order presented a genuine issue of material fact.

Appellant's Br. at 4 (reordered and rephrased for clarity).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016). We note that there is no absolute right to an evidentiary hearing, particularly where the court can determine from the record that no genuine

issues of material fact exist. *Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019).

As stated above, the PCRA court found that it lacked jurisdiction to address the merits of Appellant's Petition because he untimely filed it and failed to satisfy the PCRA's 60-day time limitation.[3]

"The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted). To be timely, a PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The instant Petition, filed 27 years after Appellant's Judgment became final, is patently untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the petitioner pleads and proves one of the three exceptions to the PCRA time-bar. 42 Pa.C.S. § 9545(b)(1). Here, Appellant invokes the Section 9545(b)(1)(i) exception, which requires him to plead and prove that the failure to raise the claim previously was the result of governmental interference.[4]

_____

[3] At the time of Appellant's Petition, Section 9545(b)(2) required that a petitioner file his PCRA Petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

[4] We note that Appellant also invoked the newly-discovered facts and newly-recognized constitutional right exceptions to the PCRA time-bar in his PCRA Petitions, but he does not pursue these bases for jurisdiction on appeal.

In his argument, Appellant asserts that the trial court's alleged failure to complete a sentencing order constituted governmental interference. Appellant's Br. at 7. He contends that he discovered the basis for his claim on September 21, 2016, when he discovered that his signed sentencing order was missing from his file. Memorandum in Support of Petition, 11/7/16, at 6.

Our review indicates that Appellant's record contains a signed sentencing Order. In fact, the trial court brought the signed sentencing Order to Appellant's attention in a September 1, 2015 Order. **See** Trial Ct. Or., 9/1/15. Therefore, Appellant cannot prove the factual predicate of his claim of governmental interference and we need not address whether the governmental interference exception applies. Thus, we agree with the PCRA court's conclusion that it was without jurisdiction to address the merits of Appellant's Petition.[5]

Having concluded that the PCRA court lacked jurisdiction to address the merits of Appellant's Petition, we likewise conclude that the court did not err in declining to hold a PCRA hearing. No genuine issue of material fact existed to require a hearing.

Order affirmed.

---

[5] "This Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/20