J-E02006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAD LAMAR DREAKFORD | : | |
| | : | |
| Appellant | : | No. 365 WDA 2018 |

Appeal from the PCRA Order February 13, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000024-2016

BEFORE: BOWES, J., SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J.,
DUBOW, J., KUNSELMAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 09, 2021**

Appellant, Chad Lamar Dreakford, appeals from the Order entered February 13, 2018, which denied his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. At issue is the validity of Appellant's conviction and sentence under Section 4915.1 of the Crimes Code, when he did not fulfill the registration requirements provided in the Sexual Offender Registration and Notification Act ("SORNA").[1] Based on **Commonwealth v. Santana**, --- A.3d ---, 3488 EDA 2017 (Pa. Super. 2020) (*en banc*), holding that the Commonwealth may not penalize a defendant for failing to comply with SORNA's registration requirements when

---

[1] Act of Dec. 20, 2011, P.L. 446, No. 111, *as amended*, 42 Pa.C.S. §§ 9799.10 to 9799.41 (effective Dec. 20, 2012).

the triggering offense pre-dated SORNA's effective date, we reverse the PCRA court's Order and vacate Appellant's Judgment of Sentence.

On October 3, 1996, Appellant was convicted of Rape in the State of Maryland. His conviction triggered a lifetime requirement to register as a sexual offender in that state. In 2015, while residing here in the Commonwealth of Pennsylvania, Appellant became subject to SORNA's registration requirements. Appellant failed to comply.[2]

The Commonwealth charged Appellant with Failure to Comply with Registration Requirements, 18 Pa.C.S. §§ 4915.1(a)(2), graded as a first-degree felony. Appellant pleaded guilty. Ultimately, on May 9, 2017, the trial court sentenced Appellant to six to twenty years of incarceration.[3]

On September 18, 2017, Appellant timely and *pro se* filed a Petition for collateral relief, asserting that his conviction and sentence were illegal in light of our Supreme Court's decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (finding that the registration provisions of SORNA were punitive in

---

[2] The record does not disclose the precise date of Appellant's arrival in Pennsylvania. However, Appellant does not dispute that he was required to register with the Pennsylvania State Police as a sexual offender upon moving to this Commonwealth. ***See*** Appellant's Br. at 10-11; 42 Pa.C.S. § 9799.13(7) (effective December 20, 2012).

[3] Initially, on July 6, 2016, the trial court imposed an illegal, mandatory minimum sentence of seven years. Following collateral proceedings, the court vacated its Judgment of Sentence; Appellant again pleaded guilty, and the court imposed a new Judgment of Sentence on May 9, 2017. ***See*** N.T. PCRA Plea and Sentence, 5/9/17, at 4-9.

effect and therefore could not apply retroactively to a sexual offender). The PCRA court appointed counsel, who filed an Amended Petition, restating Appellant's *Muniz*-related claim. Following a hearing, the PCRA court denied Appellant's Amended Petition.

In this timely appeal, Appellant raises a single issue: whether his conviction and sentence for failing to comply with registration requirements mandated by SORNA violate the constitutional prohibitions against *ex post facto* laws. **See** Appellant's Br. at 4.[4]

Appellant asserts that his conviction and sentence are illegal. He contends that because his underlying crime preceded SORNA's effective date, the registration provisions of SORNA are inapplicable to him pursuant to **Muniz**. Therefore, Appellant concludes, he cannot be criminally liable under Section 4915.1 for failing to comply with those requirements. **See generally** Appellant's Br. at 8-15.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016) (citing **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014)). Appellant's claim presents a question of law. Therefore, our standard of review is *de novo*, and the scope of our review is plenary. **Muniz**, 164 A.3d at 1195.

---

[4] Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

18 Pa.C.S. 4915.1 criminalizes a sexual offender's failure to comply with his registration requirements. The prerequisite for the applicability of each subsection of Section 4915.1 is that an offender is subject to SORNA's registration requirements. 18 Pa.C.S. § 4915.1(a) ("An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to . . . [(a) register with Pennsylvania State Police; (b) verify his address or be photographed as required; or (c) provide accurate information.]").

In **Muniz**, our Supreme Court determined that SORNA's registration provisions were punitive in effect and, thus, their retroactive application to defendants violated constitutional prohibitions against *ex post facto* laws. 164 A.3d at 1193. In **Santana**, this Court sitting *en banc* applied **Muniz**, reasoning that if a defendant is not subject to SORNA registration because of *ex post facto* concerns, then he cannot be guilty of a crime proscribing a failure to comply with those registration requirements. **Santana**, --- A.3d ---, 3488 EDA 2017, at * 8-9.

Here, the PCRA court denied Appellant's claim that he was not subject to SORNA's registration requirements on two grounds. First, the PCRA court, sought to distinguish **Muniz**, observing that unlike the appellant therein—whose registration period increased from ten years to life—Appellant was already a lifetime registrant under Maryland law. Thus, according to the PCRA court, "SORNA did not impose a greater burden [upon Appellant] than that to which he was already subject." PCRA Ct. Op. and Order, 2/13/18, at 1.

- 4 -

Second, the court reasoned that Appellant had fair notice of his registration requirements because he had relocated to Pennsylvania after SORNA's enactment and, therefore, Section 4915.1 was not an *ex post facto* law as applied to him. *Id.* at 2.

Following our *de novo* review, we conclude that the PCRA court erred when it denied Appellant relief. The **Muniz** Court did not limit its holding to those offender registrants whose registration periods increased under SORNA. Rather, after conducting a thorough *ex post facto* analysis, the Court concluded that SORNA's registration provisions could not apply retroactively to sexual offenders whose triggering offense occurred prior to SORNA's effective date. **See Muniz**, 164 A.3d at 1209-18. In addition, as this Court discussed in **Santana**, it is constitutionally irrelevant **where** a triggering offense occurs. **Santana**, **supra** at *14-15.

Both **Muniz** and **Santana** are applicable to Appellant. Appellant was convicted of Rape in 1996.[5] At the time of his conviction, Pennsylvania had enacted non-punitive registration requirements for those convicted of certain sexually violent crimes, including Rape.[6] In 2012, however, the General

_____

[5] The record does not disclose when Appellant committed Rape. Under the circumstances of this case, the timing of Appellant's crime does not affect our analysis because his criminal conduct occurred prior to SORNA's effective date.

[6] **See** 42 Pa.C.S. §§ 9793, 9795 (expired); **see generally** Megan's Law I, Act of Oct. 24, 1995, P.L. 1079, No. 24 (Special Sess. No. 1), *as amended*, 42 Pa.C.S. §§ 9791, *et seq*.

Assembly enacted SORNA, a constitutionally punitive regime. Because Appellant's crime preceded the effective date of SORNA, the Commonwealth could not apply SORNA's provisions retroactively to him. Thus, because Appellant could not be subject to SORNA's registration requirements, the Commonwealth could not hold Appellant criminally liable for violating Section 4915 of the Crimes Code.

Accordingly, we conclude that Appellant's conviction under 18 Pa.C.S. § 4915.1(a)(2) was illegal. For these reasons, we reverse the Order of the PCRA court and vacate Appellant's underlying Judgment of Sentence.[7]

Order reversed; Judgment of Sentence, entered May 9, 2017, vacated.

Judges Bowes, Shogan, Lazarus, Olson, Kunselman, Nichols, and Murray join the memorandum.

Judge Stabile file a dissenting memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/09/2021

---

[7] In response to **Muniz**, the General Assembly amended SORNA, dividing its provisions into distinct subchapters—Subchapter H, which applies to offenders whose underlying conduct occurred after December 20, 2012, SORNA's effective date, and Subchapter I, which applies to those required to register under former versions of Megan's Law. 42 Pa.C.S. §§ 9799.11(c), 9799.52. We note that Appellant's 1996 conviction for Rape rendered him subject to Megan's Law I. **See**, **supra** at n.6. Thus, Appellant is subject to registration provisions under Subchapter I. 42 Pa.C.S. §§ 9799.52, 9799.54(a)(4).