J-S12007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                                              :
               v.                    :
                                              :
                                              :
RAPHAEL STEWART                 :
                                              :
             Appellant          :      No. 495 EDA 2024

Appeal from the PCRA Order Entered February 8, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0210251-1999

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:         **FILED SEPTEMBER 2, 2025**

Appellant, Raphael Stewart, appeals from the February 8, 2024, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the relevant factual background as follows.

On November 18, 1998, at approximately 7:00 p.m., Marlon Wilson, Darris Cuthbert, and Danny Milton stood on the corner of Colorado Street and Susquehanna Avenue in the City and County of Philadelphia.  Marlon Wilson and Darris Cuthbert were selling drugs.  While they were doing so, [Appellant], Dexter Lawrence, and another unidentified individual approached Marlon Wilson, [Darris] Cuthbert, and Danny Milton.  After words were exchanged regarding an alleged robbery of a drug house on Taney Street, Appellant, Dexter Lawrence, and the unidentified individual began shooting towards Marlon Wilson, [Darris] Cuthbert, and Danny Milton.  As a result of the shooting, Darris Cuthbert died and Marlon Wilson suffered significant injuries after being shot in the neck, both legs and stomach.  Danny Milton sustained no injuries.

PCRA Court Opinion, 7/25/24, at 1 (footnotes and unnecessary capitalization omitted).[1]

On November 18, 2014, following a jury trial, Appellant was convicted of murder of the first degree, attempted murder, criminal conspiracy, and possessing an instrument of crime. Also, on November 18, 2014, the trial court sentenced Appellant to a mandatory term of life imprisonment without the possibility of parole for the offense of murder of the first degree and imposed concurrent terms of ten to twenty years on the charge of attempted murder, ten to twenty years on the conspiracy charge, and two and one–half to five years on the charge of possessing an instrument of crime.

Appellant timely appealed. On March 15, 2016, we affirmed the judgment of sentence. **See Stewart**, No. 3375 EDA 2014. Appellant did not seek further review before our Supreme Court.

On December 8, 2016, Appellant filed a timely *pro se* PCRA petition, claiming, *inter alia*, that trial counsel was ineffective for agreeing with the Commonwealth not to cross-examine Commonwealth witnesses Marlon Wilson and Danny Milton about their sentence exposure in outstanding criminal matters. After the PCRA court appointed counsel, on October 16, 2017, counsel filed an amended PCRA petition raising multiple claims of ineffective

---

[1] **See also Commonwealth v. Stewart**, No. 3375 EDA 2014, 2016 WL 1033421, unpublished memorandum (Pa. Super. filed March 15, 2016).

assistance of trial counsel, including the claim described above. On September 7, 2019, the PCRA court dismissed the petition without a hearing.

A timely appeal followed. Upon review, we remanded for an evidentiary hearing on the limited issue of why trial counsel elected not to impeach Commonwealth witnesses Marlon Wilson and Danny Milton with their motive to lie. We affirmed the PCRA court's order in all other respects. **See Commonwealth v. Stewart**, No. 2647 EDA 2018, 2019 WL 5491357, unpublished memorandum (Pa. Super. October 25, 2019). On April 6, 2020, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Stewart**, 228 A.3d 891 (Table) (Pa. 2020).

An evidentiary hearing was held on September 6, 2023. Ultimately, the PCRA court found Appellant was not entitled to relief. Accordingly, on February 8, 2024, the PCRA court dismissed the petition. This appeal followed.

On appeal, Appellant argues that the PCRA court erred in not finding in his favor regarding two claims of ineffective assistance of counsel, namely (1) trial counsel was ineffective for failing to cross-examine Marlon Wilson and Danny Milton regarding maximum sentence exposure, potential supervision and immigration benefits and consequences for testifying against Appellant, and (2) trial counsel was ineffective in the impeachment of Danny Milton on cross-examination regarding a *crimen falsi* conviction.

We review an order denying a petition for relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016).

The constitutional standard for claims of ineffective assistance of counsel requires defendant to rebut the presumption of professional competence by demonstrating that: (1) his underlying claim is of arguable merit, (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests, and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different; failure to satisfy any prong of the test for ineffectiveness requires rejection of the claim. **See Commonwealth v. Spotz**, 870 A.2d 822, 829-30 (Pa. 2005).

Regarding the first claim that trial counsel was ineffective for failing to cross-examine Marlon Wilson and Danny Milton concerning any motive to lie, we find the claim meritless as the record shows that trial counsel did in fact cross-examine the witnesses regarding their open matters. **See** N.T. Trial, 11/13/14, at 5, 140-142; N.T. Evidentiary Hearing, 9/6/23, at 10, 26, 49, 78-81; **see also** PCRA Court Opinion, 7/25/24, at 4. Additionally, the record shows that there was no agreement between trial counsel and the Commonwealth limiting trial counsel's ability to ask Marlon Wilson and Danny

- 4 -

Milton about their exposure to sentencing in their open cases. *Id.* As such, we conclude that Appellant's first issue is devoid of any merit.

On his second claim that trial counsel was ineffective for failing to seek a jury instruction concerning Danny Milton's *crimen falsi* conviction,[2] we conclude Appellant failed to show any prejudice he suffered from the omission. In fact, the record shows that the trial court gave the instruction at issue here. *See* N.T. Trial, 11/17/14, at 115-17. Thus, while Appellant might have a meritorious claim, Appellant cannot satisfy the prejudice prong of an ineffective assistance of counsel claim as the trial court gave the instruction at issue here. Accordingly, no relief is due.

In light of the foregoing, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/2/2025

---

[2] Milton was on parole for a robbery conviction (*crimen falsi*) when the underlying crimes at issue here took place. N.T. Trial, 11/17/14, at 115-17.