J-S42007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERRY ALLEN REED, | |
| Appellant | No. 1875 MDA 2016 |

Appeal from the PCRA Order October 28, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000323-2014
CP-36-CR-0005013-2012

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2017**

Appellant, Jerry Allen Reed, appeals from the order entered on October 28, 2016, dismissing his first petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On April 29, 2014, a jury convicted Appellant of rape, incest, sexual assault, attempted involuntary deviate sexual intercourse, indecent assault, indecent exposure, and two counts each of unlawful contact with a minor and corruption of minors.[1]  On September 5, 2014, the trial court

_____

[1] Appellant raped his niece and she gave birth to a daughter.  The Commonwealth did not prosecute Appellant for crimes against his niece.  In this case, Appellant was charged with crimes related to sexual misconduct in
*(Footnote Continued Next Page)*

determined that Appellant was a sexually violent predator and sentenced him to an aggregate term of 21 to 50 years of imprisonment. We affirmed Appellant's judgment of sentence in an unpublished memorandum on September 9, 2015. *See Commonwealth v. Reed*, 133 A.3d 66 (Pa. Super. 2015) (unpublished memorandum). Our Supreme Court denied further review on March 23, 2016. *See Commonwealth v. Reed*, 135 A.3d 585 (Pa. 2016).

On July 19, 2016, Appellant filed a timely *pro se* PCRA petition. The PCRA court subsequently appointed counsel to represent Appellant. On August 15, 2016, counsel for Appellant filed a no-merit letter and a request to withdraw from representation pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 17, 2016, the PCRA court gave Appellant notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response on September 6, 2016. On October 28, 2016, the trial court entered an order and opinion dismissing

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

two separate incidents of sexual abuse against the child born to Appellant's niece. Thus, the victim in this case is both Appellant's biological daughter and great niece. At trial, the Commonwealth provided evidence that Appellant admitted he was the victim's father. N.T., 4/29/2014, at 345. The Commonwealth also presented DNA evidence confirming paternity within a 99.9999 percent relative probability. *Id.* at 321. The victim ultimately gave birth to a child and DNA tests showed that Appellant was also the father of the victim's child within a 99.9999 percent relative probability. *Id.*

Appellant's PCRA petition and granting appointed counsel's request for withdrawal. This timely *pro se* appeal resulted.[2]

Appellant presents, *pro se*, the following issues for our review:

1. Counsel [was ineffective in failing] to permit [] Appellant to testify on his own behalf [at] both the preliminary hearing as well as at trial.

2. Counsel was ineffective for failing to interview witnesses identified to counsel by [] Appellant prior to trial who held information and were willing to testify and would have refuted the Commonwealth's contentions that [] Appellant sexually abused [the victim].

3. [Counsel was ineffective in failing] to call two witnesses present at trial and who were willing to testify at trial on [] Appellant's behalf.

4. [Counsel was ineffective in failing] to research the [Commonwealth's] DNA experts['] findings that [] Appellant and [the] alleged victim were in fact related by blood which would have contradicted the alleged victim's accusation that [] Appellant is the father of the illegitimate child.

Appellant's Brief at 4.

All of Appellant's issues allege that he is entitled to collateral relief because trial counsel provided ineffective assistance of counsel. Our standard of review is well-settled:

We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its

---

[2] On November 15, 2016, Appellant filed a *pro se* notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, the PCRA court entered an opinion pursuant to Pa.R.A.P. 1925(a) on November 22, 2016 that relied upon its earlier decision filed on October 28, 2016.

- 3 -

[o]rder is otherwise free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

\*          \*          \*

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. In order to succeed on a claim of ineffective assistance of counsel, [an a]ppellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. Where the underlying claim lacks arguable merit, counsel cannot be deemed ineffective for failing to raise it. [An a]ppellant bears the burden of proving each of these elements, and his failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (internal citations, quotations, and original brackets omitted).

In his first issue presented, Appellant argues that trial counsel refused to allow him to testify on his own behalf. "Claims alleging ineffectiveness of counsel premised on allegations that trial counsel's actions interfered with an accused's right to testify require a defendant to prove either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Commonwealth v. Miller*, 987 A.2d 638, 660 (Pa. 2009) (internal citation and quotations omitted).

Here, after the Commonwealth rested, the following exchange occurred between Appellant and the trial court:

The Court: My understanding from your attorney is that you have decided not to testify in this case. Is that correct, sir?

[Appellant]: Yes, Your Honor.

The Court: That is certainly your right and your decision [] after discussing this with your attorney. I want to make sure that you understand that you have the right to testify if you wish to testify. Do you understand that, sir?

[Appellant]: I understand, yes, sir.

The Court: Are you satisfied that you have had sufficient opportunity to discuss this matter with [your attorney] so that you can make an informed decision, so that you know what you're doing? Do you understand that?

[Appellant]: Yes, Your Honor.

The Court: Do you understand that if you were to testify, if you were to be called as a witness, your attorney would be able to ask you certain questions, whatever questions he thought appropriate, and the district attorney would have an opportunity to cross-examine you? Do you understand that?

[Appellant]: Yes, sir.

The Court: I want to make sure you understand, however, that if you testify, you would not be permitted, and I would specifically instruct you, that you would not be permitted to testify at all about the sexual practice or habits of [the victim]. Do you understand that?

[Appellant]: Yes, sir.

The Court: And, have you had that discussion with your attorney?

[Appellant]:       Yes, sir.  I discussed it with him, yes, sir.

The Court:        Do you have any question of me or of your attorney about your right to testify?

[Appellant]:       No, I understand it all.

The Court:        Are you making this decision on your own, after discussing it with your attorney?

[Appellant]:       Yes, sir, I'm making it on my own.

N.T., 4/29/2014, at 369-371.  As the foregoing demonstrates, Appellant knowingly, intelligently, and voluntarily chose not to testify.  Thus, there is no merit to Appellant's claim that trial counsel was ineffective for refusing to allow Appellant to testify on his own behalf.[3]  Appellant's first issue fails.

In his last three issues presented, Appellant contends that trial counsel was ineffective for failing to call numerous witnesses.  Appellant claims that he identified "various witnesses" to his attorney pre-trial "who counsel failed to even attempt to contact."  Appellant's Brief at 13.  He avers that "[h]ad counsel interviewed these witnesses, he would have learned that at least

_____

[3]   Appellant also argues that trial counsel impeded his right to testify at his preliminary hearing.  This aspect of his claim was not set forth in his PCRA petition and the PCRA court did not address it in its subsequent Rule 1925(a) opinion.  We could find this claim waived.  *See* Pa.R.A.P. 302(a).  However, while ineffective assistance of counsel claims relative to a preliminary hearing are cognizable under the PCRA, "our Supreme Court [] has concluded that 'once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial.'"  ***Commonwealth v. Stultz***, 114 A.3d 865, 882 (Pa. Super. 2015).  Thus, as we concluded in ***Stultz***, Appellant herein cannot establish that he was prejudiced or that his claim has merit relative to his preliminary hearing.

one – possibly more – of the witnesses were threatened by the Commonwealth that if they did testify, they would be arrested on charges unrelated to the case *sub judice*." **Id.** Appellant also claims that he "had witnesses present and willing to testify on his behalf at trial[,]" but that trial counsel "told the witnesses to 'go home,' adding that he had 'no intentions of putting on any witnesses' to testify[.]" **Id.** at 14. Appellant refers to two affidavits that he attached to his PCRA petition and claims "the PCRA attorney as well as the PCRA court did not even attempt to test the veracity of the two witnesses." **Id.** Finally, Appellant asserts that because the Commonwealth charged him with incest, he "requested counsel to get an independent expert on DNA to challenge the Commonwealth's witnesses," because the evidence "the Commonwealth put before the jury was not 100% conclusive." **Id.** at 16. Because he did not have an expert to rebut the Commonwealth's evidence at trial, Appellant claims trial counsel was ineffective. **Id.**

Our Supreme Court has stated:

To be entitled to relief on a claim of ineffectiveness for failure to call a witness, [an] appellant must demonstrate [that]: the witness existed, was available, and willing to cooperate; counsel knew or should have known of the witness; and the absence of the witness's testimony prejudiced [the] appellant. A PCRA petitioner cannot succeed on such a claim if the proposed witness testimony would not have materially aided him. In such a case, the underlying-merit and prejudice prongs of the [ineffective assistance of counsel] test logically overlap.

- 7 -

*Commonwealth v. Johnson*, 139 A.3d 1257, 1284 (Pa. 2016) (internal citations and quotations omitted). Moreover, to the extent Appellant's ineffective assistance of counsel claim rests on trial counsel's failure to call an expert witness, it is settled that "[t]he mere failure to obtain an expert rebuttal witness is not ineffectiveness." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1143 (Pa. 2011) (internal citation and quotations omitted). An appellant "must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause." *Id.*

Upon review, Appellant only identified two potential witnesses by attaching affidavits to his PCRA petition. To the extent that Appellant claims counsel was ineffective for failing to interview or call unnamed, or otherwise unidentified witnesses, including a purported expert to refute the Commonwealth's DNA evidence, his claim fails for failing to demonstrate there were existing, available witnesses to testify on his behalf. Appellant did provide two affidavits in his PCRA petition to support his claim. The first affidavit is a seven-page, stream-of-consciousness narrative of Appellant's version of events signed by him. *See* PCRA Petition, 7/21/2016, at Exhibit A. However, we have already determined that Appellant knowingly and intelligently waived his right to testify. The other affidavit, signed by Tina Ross, does not indicate that she was available and willing to testify. *Id.* at Exhibit B. More importantly, however, the proposed testimony would not have materially aided Appellant. Upon review, Ross' proffered testimony

- 8 -

was tangential to the sexual misconduct at issue. In the affidavit, Ross claims that she lent Appellant a GPS device in "the summer of 2010/2011" so Appellant could drive from Lancaster to retrieve the victim's mother from the Philadelphia airport. ***Id.*** Appellant has not demonstrated how the absence of this testimony prejudiced him in this prosecution for sexual misconduct. For all of the foregoing reasons, we conclude that Appellant's overarching claim that trial counsel was ineffective for failing to call witnesses does not entitle Appellant to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2017