J-S21030-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS LYNN FISCHER | : | |
| | : | |
| Appellant | : | No. 1440 WDA 2019 |

Appeal from the PCRA Order Entered August 26, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000219-2015

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    FILED JUNE 16, 2020

Appellant, Dennis Lynn Fischer, appeals from the Order entered on August 26, 2019, denying his first Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In June 2016, a jury convicted Appellant of five counts of Involuntary Deviate Sexual Intercourse with a child, two counts of Sexual Abuse of a child, five counts of Corruption of Minors, and five counts of Indecent Assault in connection with his sexual abuse of his seven-year-old stepchild.[1]  The trial court sentenced Appellant to an aggregate term of twenty to forty years of incarceration.  Appellant timely appealed, and this Court affirmed the Judgment of Sentence.  Commonwealth v. Fischer, No. 976 WDA 2017,

_____

[1] Between September 2014 and March 2015, Appellant forced then seven-year-old C.Y.G. to perform oral sex on him, at least five times, promising her treats in return.

unpublished memorandum at *1 (Pa. Super. filed January 4, 2018). Appellant did not seek further discretionary review in the Supreme Court.

Appellant timely filed the instant Petition, asserting ineffective assistance of both trial and appellate counsel. PCRA Petition, 1/11/19. The PCRA court held an evidentiary hearing on June 11, 2019, at which Appellant's trial and appellate counsel each testified. On August 26, 2019, the PCRA court filed an Opinion and Order denying relief.

Appellant timely appealed and filed a Pa.R.A.P. 1925(b) Statement. In response, the PCRA court directed our attention to its August 26, 2019 Opinion.

Appellant raises the following issues:

[1.] . . . Whether the PCRA [c]ourt erred by finding appellate counsel was not ineffective when counsel failed to obtain and review the transcript of the [victim's] competency hearing[; and]

[2.] . . . Whether the PCRA [c]ourt erred when it found trial counsel was not ineffective but performed reasonably when he failed to confirm the existence of [Appellant's] piercing, failed to cross examine the victim as to its existence and present argument at closing.

Appellant's Br. at 4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. Commonwealth v. Jarosz, 152 A.3d 344, 350 (Pa. Super. 2016) (citing Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014)).

Appellant contends that both trial and appellate counsel were ineffective. Generally, we presume counsel is effective. Commonwealth v. Cox, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. Commonwealth v. Treiber, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. See Jarosz, 152 A.3d at 350 (citing Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009)).

1. Appellate Counsel's Ineffectiveness

In his first issue, Appellant contends that appellate counsel was ineffective for failing to obtain and review the transcript of a hearing held to determine whether the child victim was competent to testify. Appellant's Br. at 12.[2]

_____

[2] On appeal, Appellant asserts that direct appellate counsel's inaction constitutes ineffectiveness per se. Appellant's Br. at 13-16. Appellant did not make this claim in his PCRA Petition. Accordingly, we deem it waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Applying the traditional test for ineffectiveness, we conclude that Appellant's claim is without arguable merit. Essentially, Appellant posits that, if appellate counsel had secured the transcript, counsel could have surveyed its pages for issues to pursue on appeal. See Appellant's Br. at 16-19 (stating that "an argument can be made that the trial court's competency decision was 'premature'" and based on inconsistent responses by the victim that undermined the competency determination").

In rejecting this claim, the PCRA court observed that trial counsel never challenged the court's competency decision, so even if appellate counsel had "alleged on [direct] appeal that the [victim was] not competent to testify, the issue would have been rejected as meritless[.]" PCRA Ct. Op., filed 8/26/19, at 2-3. We agree.

It is well settled that "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." Commonwealth v. Adams-Smith, 209 A.3d 1011, 1019 (Pa. Super. 2019) (quoting Commonwealth v. Poplawski, 852 A.2d 323, 327 (Pa. Super. 2004)). "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Thus, where former counsel fails to preserve an issue at the trial level, there is no merit to a claim that direct appellate counsel was ineffective for failing to raise that issue on appeal. Commonwealth v. Spotz, 18 A.3d 244, 278 (Pa. 2011).

Our review of the record confirms that trial counsel did not object to the court's competency finding as either premature or otherwise erroneous. N.T.

Competency Hearing, 5/9/16, at 11. At the PCRA hearing, trial counsel explained that he did not object because the victim "came across as competent." N.T. PCRA Hearing, 6/11/19, at 31. Thus, even if appellate counsel had secured the transcript for review, such review would only confirm that trial counsel had not disputed the court's competency decision. The transcript would not have provided a basis to pursue appellate relief—it merely confirmed that any potential claim was waived for appellate purposes. Accordingly, Appellant's claim that direct appellate counsel was ineffective for failing to request and review the transcript of the competency hearing is without arguable merit.

### 2. Trial Counsel's Ineffectiveness

In his second issue, Appellant challenges trial counsel's strategy, asserting that counsel was ineffective for insufficiently developing evidence regarding Appellant's distinctive piercings on his genitalia.[3] See Appellant's Br. at 19-23. According to Appellant, if counsel had confronted the victim or her mother with this evidence, and if either had failed to confirm the existence of the piercings, counsel could have argued more vigorously to the jury that the victim had misidentified Appellant as her assailant. See id.

"Generally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a

---

[3] The Commonwealth did not present evidence of Appellant's distinctive piercing during its case-in-chief. Appellant's counsel proffered a photograph during Appellant's testimony.

particular course that had some reasonable basis designed to effectuate his client's interests." Commonwealth v. Miller, 819 A.2d 504, 517 (Pa. 2000) (citation omitted). A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued. Id.

The PCRA court addressed Appellant's claim in the following manner:

Questioning the victim about the piercing could have proven fruitful. The child may have testified that she had only ever performed oral sex on bare flesh. On the other hand, it could have proven disastrous had she identified the [piercings]. [Trial counsel] had no way of knowing what she would say if asked. He did know that she had failed to mention the [piercings] during direct examination, though, and, as [counsel] testified [at the PCRA hearing], did not want to ask her about it afterward and invite disaster. That was certainly a reasonable decision, especially since the district attorney had extensively cross-examined [Appellant] about the piercing[s] and elicited the fact that the hardware could easily be removed. From that fact, the jury could have reasonably concluded, even if the victim failed to identify the piercing[s], that the defendant had removed it before demanding oral sex. Conversely, it would have been all but impossible for [trial counsel] to have mitigated his mistake had she in fact identified the piercing[s].

PCRA Ct. Op. at 5 (emphasis in original).

We discern neither error nor abuse of discretion in the PCRA court's decision. At the PCRA hearing, trial counsel explained that he considered the victim's failure to identify Appellant's genital piercings to be "very significant, and [he] didn't want her to have the opportunity to acknowledge that [they] existed." N.T. PCRA Hearing at 24. Instead, counsel introduced photographic evidence documenting the piercings in order to bring the issue to the jury's

attention. Id.; see also N.T. Trial, 6/14/16, at 144. This enabled trial counsel, during his closing argument, to contrast pictorial evidence of the victim's abuse introduced by the Commonwealth with potentially exculpatory evidence from Appellant. N.T. Trial at 166-67. Thus, we conclude that trial counsel's strategy was reasonably designed to effectuate his client's interests.[4]

For these reasons, Appellant's claims warrant no relief. As the PCRA court's decision is without error, we affirm its August 26, 2019 Order.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020

---

[4] Moreover, had trial counsel questioned the victim directly about the piercings, and had she positively identified them for the jury, counsel could not present a credible argument implying that the victim misidentified Appellant as her abuser. N.T. Trial at 166-67.