J-S49024-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM CASEY | : | |
| | : | |
| Appellant | : | No. 548 WDA 2020 |

Appeal from the PCRA Order Entered June 28, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0001354-2016

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                     FILED NOVEMBER 20, 2020

Appellant, William Casey, appeals from the June 28, 2019 Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the record, are as follows.  On October 17, 2016, the Commonwealth charged Appellant with one count each of Criminal Attempt/Aggravated Indecent Assault of a Child, Aggravated Indecent Assault of a Child, and three counts of Indecent Assault of a Person Less than 13 years of Age.[1]  The charges arose from allegations that he had sexually abused his 12-year-old niece.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901(a), 3125(b), and 3126(a)(7), respectively.

On June 19, 2017, Appellant entered a guilty plea to Criminal Attempt/Aggravated Indecent Assault of a Child, and the Commonwealth nolle prossed the remaining charges. At the guilty plea hearing, the trial court conducted a detailed and thorough colloquy and Appellant informed the court that he was pleading guilty freely and voluntarily.[2] Attorney Gregory Metrick of the Office of the Mercer County Public Defender ("plea counsel") represented Appellant at the guilty plea hearing.

Before his October 2, 2017 sentencing hearing, Appellant communicated to both plea counsel and the trial court that he wished to withdraw his guilty plea. Plea counsel notified Attorney Dana Flick from the Office of the Mercer County Public Defender ("sentencing counsel") of Appellant's request. Plea counsel and sentencing counsel determined that, prior to the commencement of Appellant's sentencing hearing, sentencing counsel would discuss with Appellant whether he wished sentencing counsel to make an oral Motion to Withdraw Guilty Plea and, if appropriate, so move before the court imposed sentence.

Prior to the commencement of the sentencing hearing on October 2, 2017, Appellant's sentencing counsel inquired whether Appellant wanted to withdraw his plea. Appellant did not respond in the affirmative. Instead, Appellant replied that he would "let you know up there," as he nodded towards the judge's bench. The sentencing hearing commenced and when Appellant

_____

[2] See N.T. Guilty Plea, 6/19/17, at 3-5.

directly addressed the court, he did not indicate that he wished to withdraw his plea. At the conclusion of the hearing, the sentencing court imposed a sentence of 5½ to 20 years' incarceration.

On October 13, 2017, Appellant filed pro se a Motion to Withdraw Guilty Plea. He asserted that he entered his plea under duress, that he was actually innocent of the charges against him, and that neither of his prior counsel had filed a Motion to Withdraw his plea on his behalf despite his wish that they do so.

On November 9, 2017, after a hearing at which Attorney Melissa Calvert represented Appellant, the trial court denied Appellant's Motion to Withdraw Guilty Plea. The court noted that although Appellant had initially expressed a desire to withdraw his guilty plea prior to sentencing, he had subsequently "indicated a change of heart and wished to proceed with sentencing." N.T. Hr'g, 11/9/18, at 28. Thus, finding no manifest injustice, the court denied Appellant's pro se Motion to Withdraw Guilty Plea. Id. at 28-29. Appellant did not file a direct appeal from his Judgment of Sentence.

On August 20, 2018, Appellant pro se filed a first PCRA Petition raising ineffective assistance of counsel claims. The PCRA court appointed counsel who, on February 1, 2019, filed an Amended PCRA Petition. In the Amended Petition, Appellant reiterated his claims that his counsel had been ineffective by failing to: (1) file a Motion to Withdraw Guilty Plea prior to sentencing when Appellant requested him to do so; (2) interview witnesses that Appellant

alleges would have provided exonerating testimony; and (3) permit Appellant to review his discovery packet. Amended PCRA Petition, 2/1/19, at ¶ 9.

On April 4, 2019, the PCRA court held a hearing on the Petition at which Appellant, Appellant's sister Linda Matvey, and plea counsel Attorney Gregory Metrick offered relevant testimony.[3]

Appellant testified that he wanted to have a trial and that he provided plea counsel with the names and contact information of witnesses who would testify on his behalf, but that plea counsel failed to contact those witnesses. He averred that plea counsel refused to investigate his case and would not show Appellant the discovery packet from the Commonwealth. Regarding his guilty plea, Appellant testified that plea counsel had misrepresented the charge to which the Commonwealth had offered Appellant the guilty plea and the possible sentence Appellant faced. Appellant further testified that when he entered his plea he was "under duress. I felt like I had a gun to my head. I was intimidated. I was deceived. The whole time." N.T. PCRA Hr'g, 4/4/19, at 17-18.

Ms. Matvey testified that she heard plea counsel coerce Appellant into pleading guilty. Id. at 36-37.

Plea counsel testified that Appellant had identified Ms. Matvey as a witness, but that after counsel had spoken with her at least twice, he concluded that Ms. Matvey "wasn't going to be particularly useful as a defense

_____

[3] Sentencing counsel Attorney Dana Flick also testified, but not about issues germane to the instant appeal.

witness." Id. at 41-42, 50-51. Plea counsel stated that he did not contact any of the other potential witnesses identified by Appellant. He also testified that he discussed and reviewed Appellant's discovery information with Appellant, and confirmed that he had informed Appellant that he could not give Appellant his discovery packet.[4] Plea counsel denied misinforming Appellant about the Commonwealth's plea offer. He explained that he encouraged Appellant to take the plea offer after reviewing a potentially incriminating letter that Appellant had sent to Ms. Matvey. He opined that the letter could have engendered the filing of additional charges against him, and would not have been "helpful to [Appellant] if it came to light at trial." Id. at 44.

On June 28, 2019, the PCRA court denied Appellant's Petition. Appellant did not file an appeal from the June 28, 2019 Order denying his first PCRA Petition. However, after Appellant filed a second PCRA Petition asserting PCRA counsel's ineffectiveness, the PCRA court reinstated Appellant's right to appeal from the denial his first PCRA Petition.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

---

[4] According to testimony from sentencing counsel, the Mercer County Public Defender's Office had agreed not to give defendants copies of their discovery files and, in exchange, the Mercer County District Attorney provided public defenders with full, unredacted discovery. N.T. PCRA Hr'g, 4/4/19, at 59-60.

> Whether [plea] counsel was ineffective given the facts and circumstances of the case?

Appellant's Brief at 23.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. Commonwealth v. Jarosz, 152 A.3d 344, 350 (Pa. Super. 2016) (citing Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." Commonwealth v. Anderson, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." Id.

Appellant asserts that his counsel's ineffective investigation of Appellant's case resulted in Appellant's entering an involuntary and coerced plea. Appellant's Brief at 24, 28.

We presume counsel is effective. Commonwealth v. Cox, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. Commonwealth v. Treiber, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." Commonwealth v. Koehler, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the

petitioner fails to meet any one of these prongs. See Jarosz, 152 A.3d at 350 (citing Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009)).

Appellant's argument in support of his ineffective assistance of counsel claim consists of little more than citation to boilerplate case law, much of which is extra-jurisdictional and, therefore, not binding on this Court. Further, Appellant baldly asserts that his counsel's ineffective investigation of his case and the "confrontational nature of their relationship" resulted in Appellant's entering an involuntary and coerced plea. Appellant's Brief at 24, 28. Appellant has not, however, supported his claim with pertinent discussion, references to the record, or analysis of any controlling authority in violation of the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2010. See also Pa.R.A.P. 2114-2119 (briefing rules).

"[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." Commonwealth v. Hardy, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." Id. (citation omitted). If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. Commonwealth v. Gould, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that the appellant waived his issue on appeal for failing to support his claim with relevant citations to case law and the record). See also In re R.D., 44 A.3d 657, 674 (Pa. Super. 2012) (finding

waiver where the argument portion of an appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority).

Appellant's ineffective assistance of counsel claim is significantly underdeveloped. His omissions and his failure to develop his claim not only violate our briefing requirements as set forth in Pa.R.A.P. 2119(a)-(e), but also preclude this Court's meaningful review. Gould, 912 A.2d at 873 Accordingly, we are constrained to conclude that Appellant's ineffective assistance of counsel claim is waived.[5, 6] See Hardy, 918 A.2d at 771; Gould, 912 A.2d at 873; In re R.D., 44 A.3d at 674.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2020

_____

[5] Even if Appellant had not waived this issue, Appellant would not be entitled to relief as he failed to argue, let alone prove, that plea counsel lacked a reasonable basis for his conduct or that counsel's conduct caused Appellant to suffer actual prejudice. See Jarosz, 152 A.3d at 350.

[6] To the extent Appellant also sought to claim that his counsel was ineffective for failing to file a pre-sentence Motion to Withdraw Guilty Plea on Appellant's behalf, this Court's review of Appellant's Brief indicates that he abandoned this claim by not raising and developing it in the Argument section of the Brief.