J-A27045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                    :           PENNSYLVANIA
                    :
         v.             :
                    :
                    :
JUAN PAGAN             :
                    :
        Appellant    :   No. 322 EDA 2021

Appeal from the PCRA Order Entered January 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010301-2014

BEFORE:  PANELLA, P.J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:         **FILED JANUARY 5, 2022**

Appellant Juan Pagan appeals from the Order denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. Appellant challenges the stewardship of plea counsel, the imposition of lifetime sex offender registration requirements, and the PCRA court's failure to hold an evidentiary hearing prior to dismissing his petition.  After careful review, we affirm.

On January 13, 2000, Appellant and at least four other men committed numerous offenses after breaking into an occupied house, including robbery and Appellant's rape of a 21-year-old female resident after the men had blindfolded her and restrained her with duct tape.  None of the victims were able to identify the assailants.

On October 19, 2013, the Special Victims Unit of the Philadelphia police department received a CODIS report indicating that a DNA profile of Appellant,

who was by that time a convicted offender in West Virginia, matched the DNA obtained from the victim's rape kit. Appellant submitted to another DNA test which confirmed his identity as the victim's rapist. The Philadelphia police department obtained an arrest warrant on May 19, 2014, and after extraditing Appellant from West Virginia, the Commonwealth filed a criminal information in September 2014 charging him with 23 crimes arising from the January 2000 incident. The court appointed counsel from the Defender's Association to represent Appellant.

On January 6, 2015, at a pre-trial hearing where Appellant appeared with counsel to discuss the possibility of a plea, Appellant himself asserted that he believed the statute of limitations had run on prosecuting his case because "they had the DNA in 2011." N.T. Pre-trial Hr'g, 1/6/15, at 5. The court informed Appellant in no uncertain terms that his claim was without merit. *Id*. at 7.

Following that hearing, notwithstanding his representation by counsel, Appellant submitted a series of *pro se* communications to the court. For instance, on February 18, 2015, Appellant *pro se* submitted to the court a motion to dismiss on the basis of the expiration of the statutes of limitations, averring that because his DNA was analyzed and entered into CODIS in West Virginia in 2011, the Commonwealth's prosecution that was commenced in

2014 fell outside the one year provided in 42 Pa.C.S. § 5552(c.1).[1]  On May 26, 2015, Appellant *pro se* forwarded a letter to the court asking for the appointment of new counsel.  On June 22, 2015, Appellant *pro se* submitted a Motion to Quash/Writ of *Habeas Corpus* again raising the statute of limitations/DNA issue.  Appellant thereafter continued to submit *pro se* Motions and other documents.

On November 17, 2015, Appellant, through his counsel, filed a motion to dismiss alleging that the May 2014 arrest warrant was defective and, therefore, the statute of limitations for prosecuting his case was not tolled. The court held a hearing on the motion on March 28, 2016, during which Appellant's counsel argued that because the arrest warrant issued May 19, 2014, misidentified Appellant's race and social security number, it was defective and, therefore, invalid.  In support, Appellant submitted into evidence a copy of the CODIS report received by the Commonwealth on October 18, 2013, as evidence that the DNA report correctly identified his race.  Appellant's counsel argued that because the arrest warrant was defective, the statute of limitations provided in 42 Pa.C.S. 5552.1.(c)(2) was not tolled and Appellant should, therefore, be discharged.  N.T. Motion,

---

[1] 42 Pa.C.S. § 5552(c.1) provides that, if evidence of an offense is obtained containing DNA "which is subsequently used to identify an otherwise unidentified individual as the perpetrator of the offense, the prosecution of the offense may be commenced within the period of limitations provided for the offense or one year after the identity of the individual is determined, whichever is later."

3/28/16, at 5.  After considering the vigorous arguments of counsel, the court concluded that the arrest warrant was valid and denied the motion to dismiss.

On May 16, 2016, Appellant entered open guilty pleas to three counts each of robbery and kidnapping, and one count each of rape, other sexual offenses, burglary, criminal trespass, and firearms offenses.[2]  On August 19, 2016, the court sentenced him to an aggregate term of 25 to 80 years' incarceration and notified Appellant that he was subject to lifetime registration requirements pursuant to SORNA.[3]  Appellant filed post-sentence motions, which the court denied.  Appellant did not appeal his judgment of sentence.

On August 11, 2017, Appellant filed the instant PCRA Petition *pro se*. The court appointed counsel who filed an amended Petition.  Numerous delays followed as a result of, *inter alia*, the withdrawal and appointment of PCRA counsel, twice.  The court held an evidentiary hearing on January 7, 2019, to address whether counsel had failed to file a requested direct appeal.  The court found the issue to be without merit and denied relief.

---

[2] After entering his plea, Appellant filed a Motion to Withdraw the plea.  At a hearing scheduled to address the motion, Appellant's counsel informed the court that Appellant desired to withdraw his Motion to Withdraw his plea.  N.T. Hr'g, 6/13/16, at 3.  The court noted the motion's withdrawal on the record. **Id**.

[3] Sex Offenders Registration and Notification Act, 42 Pa.C.S. §§ 9799.51-9799.75 ("SORNA").  Because Appellant committed his sexual offenses prior to December 2012, the registration requirements found in subchapter I apply to Appellant.  42 Pa.C.S. § 9799.52.

However, the PCRA court subsequently granted Appellant's motion for reconsideration and allowed another amendment of the PCRA Petition. Appellant's counsel subsequently obtained several continuances. On October 6, 2020, the court issued a Pa.R.Crim.P. 907 Notice indicating its intent to dismiss the petition. After the grant of one final continuance, the court dismissed the petition on January 8, 2021.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court filed a Rule 1925(a) Opinion.

Appellant raises the following issues for our review, reordered:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to file direct appeal as requested by appellant.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to advise appellant of the application of the statute of limitations, specifically that the statute had expired and that the Commonwealth should have been precluded from prosecuting him.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel's ineffectiveness was the causal nexus of appellant's unlawfully induced guilty pleas.

4. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of appellant's constitutional rights under the United States and Pennsylvania Constitutions.

5. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that the trial court issued an illegal sentence by imposing a punitive registration requirement of SORNA in violation of his

due process rights that extended the length of the sentence beyond the statutory maximum.

6. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Br. at 9.[4]

**Standard of Review**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016) (citing ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Id.***

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result

---

[4] Appellant's brief is 23 pages of single-spaced text. We remind counsel that for the benefit of the parties' and the Courts' eyesight, the appellate rules require briefs to be double-spaced. ***See*** Pa.R.A.P. 124(a)(3)(stating that "[a]ll papers filed in an appellate court . . . must be double spaced[.]").

of any rational, strategic or tactical decision by counsel." ***Id.*** at § 9543(a)(3), (a)(4).

**Ineffective Assistance of Counsel**

Appellant raises claims asserting ineffective assistance of counsel. We presume counsel is effective. ***Commonwealth v. Cox***, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. ***See Jarosz***, 152 A.3d at 350 (citing ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009)).

**Issue 1 – Failure to file direct appeal**

In his first issue, Appellant asserts trial counsel provided ineffective assistance by failing to file a direct appeal. Appellant did not include this issue within his Pa.R.A.P. 1925(b) Statement. Accordingly, it is waived. ***See Commonwealth v. Hill***, 16 A. 3d. 484, 494 (Pa. 2011). (reaffirming bright line rule that issues raised on appeal that were not presented in a Rule 1925(b) statement are waived).

**Issue 2 – Failure to litigate statute of limitations**

Appellant asserts that trial counsel "failed to file and litigate a motion to dismiss based on the expiration of the statute of limitations," "offered no explanation . . . regarding the failure to file a motion to dismiss," and "was not afforded the opportunity to litigate a motion to dismiss based on the expiration of the statute of limitations." Appellant's Br. at 14-15. He further asserts, without citation to the record or legal authority, that "law enforcement authorities notified Pennsylvania law enforcement authorities by the end of July 2011 . . . [which] obligated [the Commonwealth] to commence prosecution of the offense one year after the identity of the individual was determined." Appellant's Br. at 15. This assertion is waived for lack of development.

Our Rules of Appellate Procedure unequivocally require that an appellant support each question he or she raises with discussion and analysis of pertinent authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). *See also* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Johnson*, *supra* at 924. *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

Pa.R.A.P. 2119 specifically provides that "[w]hen the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where

the evidence may be found." Pa.R.A.P. 2119(c), (d). In addition, a party must provide citation to and discussion of pertinent authorities pertaining to each issue. *Id*. at 2119(a). Where a brief fails to include these essential elements, "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." *Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018) (citations omitted).

Here, Appellant has not provided citations to the record to support his allegations; nor has he provided any reference to statutory or case law to support a developed argument. Accordingly, this issue is waived.

**Issue 3 – Guilty plea**

Appellant premises his next argument on a claim that trial counsel failed to advise him of the one-year time frame for bringing prosecution after the DNA identification. He contends that but for counsel's alleged omission, he would not have entered the guilty plea on May 16, 2016. Appellant's Br. at 19. This argument is disingenuous, at best.

As reviewed above, before Appellant entered his plea, trial counsel litigated a pre-trial motion to dismiss the case based on Appellant's claim that the one-year time limit for prosecuting him had passed. *See* N.T. Motion, 3/28/16. Appellant was present at that hearing. *See id*. at 3. In addition, Appellant himself attempted numerous times through *pro se* communications to convince the court that the statute of limitations had passed. In fact, at the pre-trial hearing on January 6, 2015, at which Appellant appeared with

counsel to discuss the possibility of a plea, Appellant himself raised the issue with the trial judge. Appellant asserted then that the Commonwealth was aware of his existence well before they filed the criminal information because "they took the DNA in 2011." N.T. Hearing, 1/6/15, at 5. The court repeatedly informed Appellant and his counsel that his claim regarding the running of the statute of limitations had no merit. *See id*. at at 4-7. The court concluded the discussion by specifically informing Appellant that even if he decided to go to trial, his statute of limitations claim would not go to the jury because it was a question of law and stated, most pointedly, the claim would fail as a matter of law. *Id*. at 7.

Appellant's assertion here—that his plea was unknowing based on his alleged ignorance of a claim about which he was clearly aware over a year prior to entering his plea—is beyond frivolous. It merits no further review.

**Issue 4 – Prosecutorial misconduct**

In this next issue, Appellant appears to contend that *his* counsel was ineffective because of prosecutorial misconduct. Appellant's Br. at 20. Without specifically arguing that trial counsel should have raised a claim of prosecutorial misconduct, Appellant argues that the "prosecutor concealed the 2011 CODIS identification of appellant and then subsequently re-submitted his genetic information into CODIS in July of 2013." *Id*.

Appellant does not cite to the notes of testimony or any other evidence of record to support this summary claim; nor does he cite to relevant case law or provide any legal analysis. We will not develop this issue for Appellant.

- 10 -

The claim is waived. *See* Pa.R.A.P. 2101, 2111, 2117, 2119 (briefing and compliance rules); *Cannavo*, 199 A.3d at 1289.[5]

### Issue 5 – SORNA registration requirements

In a two-paragraph statement, Appellant contends that the imposition of the Tier 3 registration requirement is a "punitive sanction for life, well in excess of the combined mandatory sentences for all the crimes for which he was convicted and sentenced, [therefore,] the sentence imposed must be deemed illegal." *Appellant's Br.* at 21. Again, Appellant fails to cite to any statutes or case law to support and develop his claim. Further, Appellant provides only conclusory statements without any citation to the record. His failure to develop this issue as required by our rules of appellate procedure is fatal to his claim.

Moreover, our Supreme Court has held that the application of SORNA registration requirements imposed on one who commits a sexual offense prior to December 2012 is not punitive. *Commonwealth v. Lacombe*, 234 A.3d 602, 626-27 (Pa. 2020). Therefore, a challenge to their application is not cognizable as a challenge to the legality of sentence.

### Issue 6 – PCRA Hearing

---

[5] We note the PCRA court concluded that this claim, as it was presented in Appellant's Rule 1925(b) Statement, was "woefully vague and incapable of meaningful evaluation." PCRA Ct. Op, filed 5/11/21, at 10. In addition, the PCRA court included in its Opinion a copy of the CODIS report that was sent to the SVU on October 18, 2013, indicating that a preliminary match had been made on October 18, 2013, not 2011. *See id*. at 8.

In his final issue, Appellant contends that the PCRA court erred in refusing to hold an evidentiary hearing.  Appellant's Br. at 21-22.   After citing three cases to support the proposition that a court must have an evidentiary hearing unless the court is certain of the total lack of merit of the petition, he states:

> Appellant raised significant claims of trial counsel's ineffectiveness and the unlawful inducement of his guilty plea, as well as violations of his constitutional rights and the imposition of an illegal sentence.  The claims were legitimate, based on fact and supported by legal precedent.  The PCRA court offered no analysis to indicate that every conceivable legitimate benefit was given to each claim raised by appellant.

*Id*. at 22.

This argument fails to garner relief.  As the PCRA court observed:

> It is well settled that a PCRA petitioner is not entitled to an evidentiary hearing as a matter of right.  ***See Commonwealth v. Jordan***, 772 A.2 1011, 1014 (Pa. Super. 2001) ([stating] the right to an evidentiary hearing is not absolute).  A PCRA court may decline to hold a hearing where the defendant's claims are patently frivolous, or where there are no disputed issues of material fact.  ***Commonwealth v. Carpenter***, 725 A.2d 154, 170 (Pa. 1999)[ ]; ***Commonwealth v. Pirela***, 726 A.2d 1026 (Pa. 1999) [ ].  Stated differently, "a hearing should only be held on any issue which the PCRA court is not certain lacks merit." ***Commonwealth v. Blakeney***, 193 A.3d 350, 352 n. 15 (Pa. 2018).

> Here, as discussed above, Appellant's claims were, and remain patently frivolous.  Moreover, contrary to Appellant's assertion, on January 7, 2019, the Court did in fact grant an evidentiary hearing on his claim that counsel failed to file a requested direct appeal – *i.e.*, the only issue that required development in the record. That his claim was determined to be meritless affords no basis for relief here.

> Further, the record demonstrates that the court afforded Appellant every opportunity, through multiple counseled petitions, in this now-four-year, post-conviction proceeding. Indeed, Appellant has filed no fewer than four PCRA/amended petitions, in addition to a motion for reconsideration—which the court granted in an abundance of caution to ensure that all of Appellant's claims were carefully evaluated. In sum, Appellant's claims are entirely refuted by the record.

PCRA Ct. Op., 5/11/21, at 12-13 (some citations, parentheticals, and a footnote omitted).

We agree with the PCRA court's conclusion. The record alone is more than adequate to address the claims Appellant raised in his petition. We, thus, conclude that the PCRA court did not abuse its discretion in refusing to hold an evidentiary hearing to address each of his claims.

**Conclusion**

Having found Appellant's arguments either waived or meritless, we affirm the PCRA court's order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/05/2022

- 13 -