J-S12039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE CESPEDE | : | |
| | : | |
| Appellant | : | No. 1340 EDA 2021 |

Appeal from the PCRA Order Entered June 16, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004559-2015

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 27, 2022**

Appellant, Jose Cespede, appeals from the June 16, 2021 Order entered in the Philadelphia County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. After careful review, we affirm.

The relevant facts and procedural history are as follows. On March 3, 2015, a team of federal and state law enforcement officers including Homeland Security Investigations Special Agent Edward Troy were conducting surveillance outside of an apartment in Northeast Philadelphia as part of an ongoing investigation of a group of men suspected of operating a heroin processing mill. During the course of the surveillance operation that day, Agent Troy observed a man, later identified as Dalton Abreu, exit a residence located at 5144 Whitaker Avenue with a duffel bag, a baseball bat, and a baseball glove. Agent Troy briefly lost sight of Abreu, but soon sighted him

standing in front of a 2006 gold Chrysler minivan parked directly behind 5144 Whitaker Avenue. Abreu was no longer carrying the items. Agent Troy recognized the van around which Abreu was standing from a surveillance operation that took place approximately 15 months earlier, in "December of 2013, late December 2013," when he had seen Appellant driving it.[1] Although the license plate was different, Agent Troy confirmed the van was the same one Appellant had been driving 15 months earlier by checking the vehicle identification number.[2]

After Abreu left the area, officers, including Agent Troy looked through the back window of the gold minivan and saw two black duffel bags, a baseball bat, and a baseball glove. Agent Troy contacted the Philadelphia Police Department and requested the assistance of a canine officer. Upon arrival, the canine signaled the presence of narcotics. Officers waited outside the van in anticipation of obtaining a search warrant. While they waited, Abreu returned in a brown Honda Accord driven by a man later identified as Simeon Gonzalez. Appellant was a passenger in the car's back seat.

Agent Troy immediately recognized Appellant as the man who had been driving the gold minivan 15 months earlier. Officers detained Abreu, Gonzalez, and Appellant. While frisking Appellant, Officer Nick Feil felt a three or four-inch-long "sharp object" in one of Appellant's front pockets. It was a

_____

[1] N.T. Suppression Hr'g, 4/28/16, at 22-23.

[2] N.T. Trial, 5/10/16, at 36-38, 40-41.

key, which officers subsequently determined belonged to the gold van.  Later that evening, after obtaining a search warrant for the van, police found two duffel bags containing more than 1,200 grams of heroin valued at nearly $400,000 and various paraphernalia used to process heroin.  In the glove compartment, police found an electric bill in Appellant's name.

From the house at 5144 Whitaker Avenue, officers recovered additional heroin processing paraphernalia and a folder from a table in the living room containing various documents in Appellant's name including an airline tag, child support order, medical paperwork, and two additional electric bills.

At a hearing on Appellant's pre-trial motion to suppress, Agent Troy confirmed that he recognized Appellant as the driver of the 2006 gold Chrysler minivan from surveillance he had conducted 15 months earlier, in "December of 2013, late December 2013."[3]  He also testified that the earlier surveillance operation did not result in Appellant's arrest and that Appellant had not been arrested in another prior raid conducted as part of this ongoing investigation.[4] Notably, Agent Troy did not testify at any time that Appellant had been arrested on February 27, 2014.

On May 11, 2016, a jury convicted Appellant of Possession With Intent to Deliver Heroin and Conspiracy.  On August 30, 2016, the trial court sentenced Appellant to an aggregate term of 10 to 30 years' incarceration.

---

[3] N.T. Suppression at 22-23.

[4] *Id.* at 33-34; N.T. Trial at 5-7.

On May 14, 2019, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Cespede*, 217 A.3d 397 (Pa. Super. filed May 14, 2019). On December 10, 2019, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. *Commonwealth v. Cespede*, 221 A.3d 1198 (Pa. 2019). Appellant did not seek further review of his judgment of sentence.

On November 30, 2020, Appellant *pro se* filed the instant PCRA Petition claiming that his trial counsel had been ineffective for failing to introduce Appellant's passport as evidence at trial. Appellant also asserted that the court had imposed an illegal sentence based on the "inaccurate information and false assumption[]" that Appellant had previously been arrested for heroin trafficking on February 27, 2014, "as the court claimed in its opinion."[5, 6] Petition, 11/30/20, at 2-3. Appellant asserted that his passport would have contradicted the allegedly false testimony from Agent Troy that Agent Troy recognized Appellant from a prior, February 27, 2014 arrest and, had the passport been presented, he "would have been able to prove that information

---

[5] Appellant claimed that his passport stamps show that he was entering the Dominican Republic on February 27, 2014, and, therefore, could not have been arrested for heroin trafficking on that date. Appellant attached a copy of the page in his passport showing entry stamps into the Dominican Republic on December 16, 2010, January 27, 2011, January 15, 2014, and February 27, 2014.

[6] The opinion to which Appellant here refers is the trial court's June 6, 2018 Pa.R.A.P. 1925(a) Opinion issued in conjunction with Appellant's direct appeal. This Court relied on the facts found by the trial court in its memorandum opinion affirming Appellant's judgment of sentence.

provided by law enforcement was false" and "there was a reasonable probability [he] would have been acquitted." Memorandum of Law, 11/30/20, at 14. On January 19, 2021, the PCRA court confirmed that Appellant's privately-retained counsel, Attorney Cheryl Strum, would continue to represent Appellant. Counsel did not file an amended PCRA Petition on Appellant's behalf.

On April 15, 2021, the Commonwealth filed a Motion to Dismiss Appellant's Petition. The Commonwealth argued that Appellant's claim that his trial counsel had been ineffective for not introducing his passport at trial to undermine Agent Troy's testimony that Appellant had been arrested on February 27, 2014, lacked merit because "there was no testimony presented at trial that defendant was arrested" on that day and, thus, "the passport would have been irrelevant." Motion, 4/15/21, at 7. The Commonwealth emphasized that Agent Troy actually testified that he recognized Appellant from a surveillance operation that had occurred in "late December 2013" and that that operation did not lead to Appellant's arrest. The Commonwealth further emphasized that Appellant's passport entries did not include any information about his whereabouts in December 2013 and, therefore, would not impeach Agent Troy's testimony. *Id.* at 9. The Commonwealth also argued that, even if the passport did show that Agent Troy was mistaken about having recognized Appellant from a prior surveillance operation, in light of the compelling evidence of Appellant's guilt, there is no reasonable probability that Agent Troy's impeachment would have resulted in a different verdict. *Id.*

Finally, the Commonwealth argued that Appellant's claim that his sentence is illegal because the trial court relied on false testimony when fashioning Appellant's sentence fails because no false testimony was given. *Id.* at 12.

On April 23, 2021, the PCRA court informed Appellant of its intent to dismiss his petition as meritless pursuant to Pa.R.Crim.P. 907.

On May 5, 2021, Appellant filed a counseled response to the court's Rule 907 Notice asserting that Appellant was entitled to PCRA relief because the "inclusion of false statements made by the trial judge into the statement of facts used as a benchmark for the direct appeal effectively deprived [Appellant] of the right to have the appeal decided on the true facts." Response, 5/5/21, at 2. Appellant also asserted that, in addition to proving that he was *en route* to the Dominican Republic on February 27, 2014, an entry stamp documenting Appellant's entry into the Dominican Republic on December 24, 2013, proves that Agent Troy could not have recognized Appellant from surveillance he conducted in "late December 2013." *Id.* at 7. In support of the assertion that Agent Troy "is not credible and was not a credible witness," Appellant attached copies of additional pages of his passport, which he claims, "conclusively proves that [Appellant] entered the Dominican Republic on December 24, 2013, which would be a fair definition of late December 2013." *Id.*

Last, Appellant claimed that he was entitled to PCRA relief because the Commonwealth violated his due process rights by failing to correct the "false statements affecting credibility of a key prosecution witness in criminal

proceedings" that appear in the record, namely the testimony of Agent Troy. *Id.* at 10-11, 17-18.

On June 16, 2021, the PCRA court dismissed Appellant's petition as meritless. This appeal followed.[7]

Appellant raises the following issues on appeal:

1. Whether trial counsel's performance was objectively deficient for failing to introduce Appellant's passport which would have conclusively established that the testimony of the Homeland Security Agent Edward Troy was false, whether the defense attorney had no reasonable basis for [failing] to produce the passport[,] and whether there was a reasonable probability of acquittal had the defense attorney produced Appellant's passport for inspection by the jury?

2. Whether the conviction was obtained and sentence imposed in violation of the due process clause of the Fourteenth Amendment because it was based on the perjured testimony of the Homeland Security Agent Edward Troy which is imputed to the prosecutor?

Appellant's Brief at 2.

**Standard of Review**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). "Further, the PCRA

_____

[7] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) Statement.

court's credibility determinations are binding on this Court, where there is record support for those determinations." **Id.**

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." **Id.** at § 9543(a)(3), (4).

**Ineffective Assistance of Counsel**

Appellant first asserts that his trial counsel was ineffective. We presume counsel is effective. **Commonwealth v. Cox**, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. **Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. **See Jarosz**, 152 A.3d at 350 (citing **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009))

Appellant claims that his trial counsel was ineffective for not introducing Appellant's passport at trial to refute Agent Troy's testimony that Agent Troy saw Appellant driving the gold minivan in late December 2013 and that Appellant had been arrested in February 2014.[8]  Appellant's Brief at 15-18. Appellant asserts that "no reasonable lawyer would have failed to investigate and produce [] Appellant's passport, which would have showed beyond a reasonable doubt that Agent Troy testified falsely." *Id.* at 18.

Our Rules of Appellate Procedure unequivocally require that an appellant support each question he or she raises with discussion and analysis of pertinent authority. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).  *See also* Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs).  "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Johnson*, 985 A.2d at 924.  *See* Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).  Pa.R.A.P. 2119

---

[8] Appellant also claims that "the prosecution did nothing to alert the State court system that the 'highlighted statement' is false" and that the "police and prosecution intentionally conspired to frame Appellant and violated Appellant's Fourteenth Amendment right to due process."  Appellant's Brief at 15 (internal quotation marks added).  *See also id.* at 16-17 (asserting that the Commonwealth was "required to disclose the official who communicated this highlighted statement to the trial judge[]" because it "corrupted the judicial process including the appeal to the Superior Court.").  Appellant did not include this issue in his Statement of Questions Involved and it is not fairly suggested thereby; thus, it is waived.  Pa.R.A.P. 2116 ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

specifically provides that "[w]hen the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, **with a reference to the place in the record where the evidence may be found**." Pa.R.A.P. 2119(c) (emphasis added). Where a brief fails to include these essential elements, "[w]e shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem [the] issue to be waived." ***Commonwealth v. Cannavo***, 199 A.3d 1282, 1289 (Pa. Super. 2018) (citation omitted).

The crux of Appellant's ineffective assistance of counsel claim is that had the jury seen his passport, counsel would have undermined Agent Troy's testimony and, thus, the outcome of his trial would likely have been different. In his Brief to this Court, however, Appellant has not identified, with citation to the notes of trial testimony, the portion of the Agent Troy's testimony with which Appellant's trial counsel could have impeached Agent Troy with Appellant"s passport. Instead, he has only cited to Agent Troy's testimony at the pre-trial suppression hearing. Pursuant to the above case law, we will not scour the notes of testimony from Appellant's trial to ascertain the testimony that Appellant considers to be the basis for trial counsel's objectionable inaction. Due to Appellant's failure, we are unable to conduct meaningful appellate review. Accordingly, this issue is waived.[9]

_____

[9] Even if Appellant had not waived this issue, we would agree with the PCRA court's determination that, in light of the "[a]bundant independent direct and
*(Footnote Continued Next Page)*

**Due Process Violation**

Appellant also claims that his "conviction was based on materially false testimony of the police and prosecutor" in violation of his due process rights. Appellant's Brief at 23. In particular, he asserts that the Commonwealth violated his due process rights by supporting Agent Troy's "false testimony" that Appellant had been previously arrested in connection with the heroin mill on February 27, 2014, and that he observed Appellant in "late December 2013," which Appellant's passport contradicts. *Id.* at 22-23.

As with Appellant's previous claim, this claim is based on the purported testimony of Agent Troy. Again, Appellant has failed to cite to the place in the notes of testimony where Agent Troy offered the testimony Appellant characterizes as "false." Appellant has, thus, waived, this issue.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Bowes concurs in result.

_____

circumstantial evidence" presented by the Commonwealth in support of Appellant's guilt, introduction of his passport to challenge Agent Troy's testimony, would not likely have resulted in a different outcome at trial. *See* PCRA Ct. Op., 8/26/21, at 21.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/27/2022</u>