J-A04025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :           PENNSYLVANIA
                                          :
             v.                       :
                                          :
                                          :
QUINCY MICHAEL PATRICK           :
                                          :
          Appellant           :    No. 1181 MDA 2022

Appeal from the PCRA Order Entered July 26, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000765-2016

BEFORE: STABILE, J., DUBOW, J., and McCAFFERY, J.

JUDGMENT ORDER BY DUBOW, J.:          **FILED: FEBRUARY 22, 2023**

Appellant, Quincy Michael Patrick, appeals *pro se* from the July 26, 2022 Order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows. On August 21, 2017, Appellant entered a counselled guilty plea to one count of Possession with Intent to Deliver. The court sentenced Appellant that same day to serve 19 to 40 months' incarceration, with 422 days' credit for time served.

Appellant filed a timely direct appeal, and this Court affirmed his Judgment of Sentence on June 15, 2018. ***See Commonwealth v. Patrick***, 193 A.3d 1081 (Pa. Super. 2018) (unpublished memorandum). Appellant did not seek further review.

On June 10, 2019, Appellant *pro se* filed a first PCRA Petition challenging his guilty plea and the underlying search and seizure that led to the discovery of drugs. On June 11, 2019, Appellant filed an "Amendment to PCRA," in which he noted, *inter alia*, that he filed his PCRA petition "on the last day I was serving my sentence on parole." Amendment, 6/11/19. Three days later, he filed a motion to withdraw his petition. On August 6, 2019, the trial court, "noting that [Appellant] was not then serving any part of his sentence, and was therefore ineligible for PCRA relief," permitted Appellant to withdraw his PCRA petition. PCRA Ct. Op., 9/26/22, at 2.

On April 1, 2022, Appellant *pro se* filed a "Petition to Appeal *Nunc Pro Tunc*," raising numerous allegations of ineffective assistance of counsel. The PCRA court treated Appellant's petition as a second PCRA petition.

On May 27, 2022, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907 because Appellant was ineligible for PCRA relief as his imposed sentence had expired. Rule 907 Notice, 5/27/22, at 2-3. On July 26, 2022, the PCRA court dismissed Appellant's petition.

This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

*Pro se* Appellant raises the following issues on appeal:

1. Did the [PCRA c]ourt err in finding that it did not possess sufficient remedial powers to provide relief for an unconstitutional application of [the PCRA] underlying the merits and standards to a defendant in my case circumstances?

2. Whether the PCRA court erred in dismissing the PCRA petition for lack of jurisdiction where [A]ppellant faces "collateral consequences" because of the felony conviction that was obtained illegally and in violation of constitutional rights[?]

3. [W]hether the [PCRA] guidelines actually justify relief when a constitutional right has been violated[?]

4. [W]hether this illegal conviction affected my other sentence and chances of sooner parole and held me under false imprisonment[?]

5. [D]id [Appellant] satisfy all elements to be eligible for [PCRA] relief? Is it unconstitutional to deny a petition when a [U]nited [S]tates citizen['s] rights have been violated[?]

6. [W]hether the PCRA court erred in failing to appoint counsel to represent [A]ppellant in litigating this PCRA petition?

Appellant's Brief at 1.[1]

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a

---

[1] On January 23, 2023, Appellant filed, with leave of this Court, an amendment to his Brief, which we have reviewed.

sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is "no longer eligible for post[-]conviction relief." ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa. Super. 2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

Appellant's maximum sentence expired in 2019. ***See*** Order to Release on Parole/Reparole, 8/1/18 (noting Appellant's maximum sentence expiration date of June 10, 2019). Appellant has completed his sentence and is, therefore, ineligible for PCRA relief. Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023

---

[2] We deny Appellant's February 2, 2023 Application for Relief in which he requested "emergency exoneration and expedite[d] panel hearing."