J-S34024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MOFFITT | : | |
| | : | |
| Appellant | : | No. 38 WDA 2023 |

Appeal from the PCRA Order Entered December 5, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0008340-1998

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.: **FILED: December 28, 2023**

Appellant, Sean Moffitt, appeals *pro se* from the December 5, 2022 orders of the Court of Common Pleas of Allegheny County, which denied his petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background of the instant appeal is not contested. Briefly, on January 6, 2000, Appellant was sentenced to 11½ to 23 months' incarceration, following a guilty plea to possession with the intent of delivering a controlled substance (cocaine).

Fast-forwarding to the most recent procedural history, on August 5, 2020, Appellant filed the instant "Petition for Writ of Error Coram Nobis," claiming trial counsel was ineffective in connection with his 1999 guilty plea. He also filed a a motion for appointment of counsel. The PCRA court granted Appellant's motion. Appointed counsel, upon review, filed a no merit letter

along with a petition to withdraw. The PCRA court granted counsel's request to withdraw and dismissed Appellant's petition, which it treated as a PCRA petition,[1] as time barred. This appeal followed.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *See*, *e.g.*, *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

A review of the record reveals that Appellant is not entitled to PCRA relief because he has completed the sentence for the crime for which he was convicted.

To be eligible for relief, a PCRA petitioner must establish by a preponderance of the evidence that he meets the requirements set forth in 42 Pa.C.S.A. § 9543(a)(1). Specifically, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). A petitioner who has completed his sentence is "no longer

---

[1] The PCRA court properly treated Appellant's Petition for Writ of Error Coram Nobis as a PCRA petition. Indeed, ineffective assistance of counsel is cognizable under the PCRA, *see* 42 Pa.C.S.A § 9543(a)(2)(ii), and the PCRA is the only method of obtaining collateral review. *See*, *e.g.*, *Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016).

eligible for post[-]conviction relief." ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa. Super. 2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

It is undisputed that Appellant's sentences expired on or about October 16, 2001, over 18 years prior to the filing of the instant petition. Commonwealth's Brief at 8-9. Indeed, Appellant acknowledges that "Petitioner is no longer in custody, and the Conviction/Sentence being challenged has since expired." Appellant's Petition, 8/5/20, at 1. Accordingly, because Appellant cannot fulfill the statutory requirements for PCRA relief, the PCRA court properly dismissed Appellant's PCRA petition.[2]

In light of the foregoing, we affirm the December 5, 2022 order of the PCRA court dismissing Appellant's PCRA petition.[3]

Orders affirmed.

---

[2] The PCRA court found the instant petition was untimely. ***See*** PCRA Court Opinion, May 3, 2023. Given our disposition, we do not need to address the timeliness of the instant petition. In any event, we note that "no exception to the PCRA's one-year jurisdictional time-bar could overcome Appellant's failure to meet the threshold eligibility requirement." ***Commonwealth v. Sanders***, 2020 WL 5362187 (Pa. Super. filed September 8, 2020).

[3] We note that appellate courts may affirm on a basis different from the PCRA court. ***See***, ***e.g.***, ***Commonwealth v. Howard***, 285 A.3d 652, 657 (Pa. Super. 2022).

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

12/28/2023